The defendant alleged that the plaintiff, instead of being incorporated for the purpose of becoming a public common carrier, was a purely private corporation and formed as a subterfuge and for the purpose of evading the result of a litigation pending between the defendant and the Branning Manufacturing Company, which had been restrained (691) from entering upon the lands of the defendant, and whose officers, etc., were the same as those of plaintiff corporation. The plaintiff acknowledged in the affidavits of its officers that it was incorporated in the interest of the Branning Manufacturing Company, which owned lands which could only be reached by traversing the lands of the defendant, but that it was a bona fide railroad corporation, formed for the purpose of not only hauling the lumber of the Branning Manufacturing Company, but also of other companies and individuals who could not get their lumber to market except across the defendant's land, as well as for the purposes of general transportation and traffic.
Upon considering the affidavits of the parties, his Honor adjudged that the defendant was not entitled to the injunction, and refused it, dissolving the restraining order theretofore issued, upon the plaintiff's filing with the Clerk of the Superior Court of Bertie County a bond in the sum of one thousand dollars ($1,000), conditioned to pay to the defendant such damages as it might recover in this action, the solvency of said bond to be approved by said clerk.
From this order dissolving the restraining order plaintiff appealed.
Upon a consideration of the affidavits filed, we are of the opinion that the order of his Honor should not be disturbed. It may *Page 425 
also be observed that the existence of the corporation cannot be assailed in this collateral manner (Asheville Div. v. Aston, 92 N.C. 578), and that the amount of land sought to be condemned does not appear to be unreasonable. The very granting of a charter like this implies that land is necessary to be taken for the right of way, and unless (692) the discretion is abused the courts will not interfere. R. R. v.R. R., 106 N.C. 23.
Affirmed.
Cited: S. c., 116 N.C. 925; R. R. v. Newton, 133 N.C. 135; Fisher v.Ins. Co., 136 N.C. 219; R. R. v. Olive, 142 N.C. 267; R. R. v. R. R.,ib., 433.