On 13 February, 1920, the Snow Hill Railway Company duly filed articles of incorporation in the office of the Secretary of State. A board of six directors, with authority to manage the corporation until their successors were elected and qualified, was named in the certificate of incorporation.
The object of the incorporation, as set forth, was for the construction and operation of a railroad from the town of Snow Hill to connect with the East Carolina Railroad at the town of Hookerton, N.C. or the town of Maury, N.C. the length of the road to be about six miles.
The construction of said road was not begun until about 1 January, 1928. Prior thereto the said Snow Hill Railway Company had made a contract with Nello Teer, a competent and reputable contractor, to construct said railroad. Teer began work about 1 January, 1928, and had practically completed the grading thereof and had spent for such purpose the sum of $39,215.89. Thereupon on 12 March, 1928, the Attorney-General of the State brought this action to forfeit the charter of said railway company.
The railway company filed an answer admitting that it did not begin the construction of the road within a period of three years from filing the certificate of incorporation and that it did not within said period expend upon construction ten per cent of the amount of its capital. It alleged, however, that the delay was due to inability to finance the project, but that on 1 January, 1928, it had in good faith made a contract with Teer to construct said road, and that, relying upon said contract, Teer had in good faith expended a large sum of money before this suit was brought.
The trial judge entered a judgment declaring the charter forfeited and based his ruling upon the admission that the railway company had not begun construction within three years after its charter had been filed in the office of Secretary of State and had not within said period expended upon construction ten per cent of the amount of its capital stock.
From judgment rendered, the defendant appealed.
The sole question presented for determination is the meaning of C. S., 3456, and whether it applies to this case. The statute is worded as follows: "Forfeiture for failure to begin or complete railroad. — If any railroad corporation shall not within three years after its articles of association are filed and recorded in the office of the Secretary of State, or the passage of its charter, begin the construction of its road and expend thereon ten per cent of the amount of its capital, or shall not finish the road and put it in operation in ten years from the time of filing its articles of association or passage of its charter as aforesaid, its corporate existence and powers shall cease."
The sovereign alone, acting through the Attorney-General, can institute a proceeding to forfeit a charter for the cause set forth in the complaint.Attorney-General v. R. R., 28 N.C. 456; Asheville Division v. Aston,92 N.C. 579; R. R. v. Lumber Co., 114 N.C. 690, 19 S.E. 646; R. R. v.Olive, 142 N.C. 257, 55 S.E. 263.
The statute, when an action is brought by the Attorney-General, in the name of the State inflicts the penalty of corporate death upon railroad companies for failure to begin construction within three years or to complete the road and put it in operation within ten years. The statute as written is worded in the alternative because the word "or" connects the three-year penalty and the ten-year penalty. However, if the alternate construction is adopted, it is obvious that if "corporate existence and powers shall cease" for failure to begin in three years that the ten-year clause is useless and contradictory. Upon the other hand, if "corporate existence and powers shall cease" only upon failure to finish the road and put it in operation within ten years, it is equally obvious that the three-year clause is useless and contradictory.
Manifestly, the statute intended to require railroads to begin construction work within three years and to complete the road and put it in operation within ten years, thus fixing a maximum time for beginning the work and a maximum time for the completion thereof, and pronouncing the sentence of corporate death upon failure to comply with either requirement.
But, can the State insist upon forfeiture in this case? "The government creating the corporation can alone institute such a proceeding, since it may waive a broken condition of a compact made with it as well as an individual." Asheville Division v. Aston, 92 N.C. 579.
Moreover, the acquiescence of the sovereign "is evidence that all things have been rightfully performed." Attorney-General v. R. R., 28 N.C. 456. See, also, R. R. v. Lumber Co., 114 N.C. 690; In re F. W. Myers Co., 123 Fed., 952.
The acquiescence of the sovereign in the default of defendant was explicitly declared by the legislative enactment of chapter 89. Public-Local *Page 384 
Laws, Extra Session, 1924, ratified 21 August, 1924. Prior thereto, to wit, on 4 February, 1924, the defendant, Snow Hill Railway Company, submitted to the board of county commissioners of Greene County an offer in writing to complete said railroad within eight months from the time the work started, provided the same was started on or before 1 April, 1924, and to accept in full payment for said work the $100,000 of bonds voted by Snow Hill Township. The county commissioners accepted the offer by formal resolution in regular meeting assembled on 4 February, 1924. Chapter 89, referred to above, in section six thereof, declares: "And said bonds and contracts concerning same and the said improvement shall be valid notwithstanding any change in officers after the date," etc. In section seven of said act it is declared: "The said bonds may be executed and deposited in a bank of their selection, said bonds to be held in escrow by such bank and delivered to Snow Hill Railway Company on completion of said improvement by said company," etc.
Therefore, it clearly appears that the Snow Hill Railway Company was recognized as an existing corporation, in rightful exercise of its corporate functions, even though more than three years had elapsed since the filing of its charter and even though no construction had been done and no money expended thereon. Moreover, the act authorized the delivery of the bonds to the defendant "on completion of said improvement by said company." The time of completion, fixed by C. S., 3456, is ten years from the filing of the charter. Thus, the conclusion is inevitable that the State waived the default occasioned by failure to begin work within three years and expressly recognized the right of the defendant to proceed to completion, which of course must be accomplished "in ten years from the time of filing its articles of association."
The principle of law applicable was stated by Ruffin, C. J., inAttorney-General v. R. R., Co., 28 N.C. 456, to be that if the sovereign undertakes "to deal with the corporation as lawfully and rightfully existing, notwithstanding such known default; such conduct must be taken, as in other cases of breaches of conditions, to be intended as a declaration, that the forfeiture is not insisted on, and, therefore, as a waiver of the previous default."
Our conclusion is that the Attorney-General has no power to invoke a forfeiture of the charter of the defendant for failure to begin work within three years.
Reversed. *Page 385