L. A. CRISP AND WIFE, MARTHA CRISP, v. NANTAHALA POWER AND LIGHT COMPANY.

(Filed 15 June, 1931.)

1. **Eminent Domain B b—Power of eminent domain is given to public service corporations, but statutory procedure should be followed.**

   A corporation furnishing electricity for public use may condemn lands of a private owner necessary for its transmission lines under the provisions of our statute, C. S., 1706, but it is unlawful for a power company to enter upon and take the lands of the owner for such purpose without complying with the statutory procedure.

2. **Appeal and Error J g—Assignments of error relating to issue not answered held to have become immaterial on this appeal.**

   Where, in an action for damages for the taking of land by a power company for its transmission lines, the jury has answered the issue as to wrongful entry in the affirmative, but has failed to answer to issue as to damages therefor, and has assessed permanent damages for the land taken: *Held*, all objections and exceptions upon the trial relating to the wrongful entry by the defendant become immaterial.

3. **Eminent Domain C c—Evidence of use to which land could have been put except for taking of contiguous land held competent.**

   In assessing damages for the taking of the land of a private owner by a public service corporation for the erection of transmission lines, entire and full compensation for its permanent use should be awarded, and witnesses acquainted with the facts are properly allowed to testify as to the use to which the lands contiguous to that taken could have been put, except for the taking, within reasonable bounds, not including those that are imaginative or merely speculative, and such evidence is competent on the question of damages, and the fact that the transmission line was to carry a highly dangerous voltage of electricity is a competent circumstance to be considered by the jury.

CRISP *v.* LIGHT CO.

**4. Eminent Domain C b—Placing of transmission line on railroad right-of-way is additional burden on land for which owner is entitled to compensation.**

In assessing damages to be awarded the private owner of lands for its taking for a permanent use by a power company for the maintenance of transmission line, its erection upon a right of way of another public service corporation is a superimposed burden upon the title of the owner, for which compensation should be awarded.

APPEAL by defendant from *Moore, J.,* and a jury, at March Term, 1931, of GRAHAM. No error.

This is an action brought by plaintiffs against the defendant for the possession of certain land, alleged to be owned by them, which defendant took possession of without their consent and built a hydro-electric line across a portion or part of their land, to the damage of plaintiffs. It is alleged by plaintiffs that defendant, for the purpose of transferring the power from Santeetlah to its proposed dam site at Nantahala constructed the transmission line across their land during the months of January and February, 1930, and the defendant, through its servants, agents and employees wilfully, unlawfully and forcefully, and after being forbidden, entered and trespassed upon the plaintiffs' premises, dragging poles and rubbish, digging holes and erecting poles, frames and braces thereon, on which it strung over plaintiffs' land wires and cables for carrying high and dangerous voltages of electricity, and since completion of its said transmission has turned on and caused continually to pass over and through the said land over plaintiffs' premises a high, dangerous current voltage of electricity, making the premises unsafe, rendering it unfit for subdivision, development, erection of buildings, trees or other usage which would be to plaintiffs' advantage and profit, and all to plaintiffs' great damage, etc. That while a part of the said transmission line is located on the railroad right-of-way, it results in an increased burden to plaintiffs' land, and defendant had no right without plaintiffs' consent to use the railroad right-of-way for said purposes as they are informed and believe, and that a part of the said transmission line is on plaintiffs' premises and outside of the railroad right-of-way.

The defendant denied some of the material allegations of the complaint, and says: "That it is a public service corporation, duly chartered and organized under the laws of the State of North Carolina; that its principal office and place of business is in Bryson City, in said State; that it is engaged in the development and production of hydro-electric energy and the distribution, use and sale of the same to the public; that it is developing, maintaining, and constructing hydro-electric current in the counties of western North Carolina, and furnishing and distributing electric current to the general public in the towns

of Robbinsville and Andrews, and is preparing to supply current to other users in the State; that it intends in good faith to increase its production and distribution of hydro-electric current, and that in order to insure a constant supply of electric current to its consumers in the towns of Andrews and Robbinsville and at other places in the counties of Cherokee and Graham, and other territory adjacent thereto, and in order to guarantee a constant supply of current to all users of the same connected with and tributary to its plants, it has constructed a transmission line connecting its plant on Hiawassee River with the Santeetlah power house of Tallassee Power Company in Graham County, from which company it has a contract for power in case of breakdown of its Hiawassee plant, or lack of current for its customers. . . . That it is advised and believes that it had the right, as a public service corporation, under the laws of the State of North Carolina, to construct its said lines across and upon the lands of the plaintiffs, and to remove such obstructions on said land as might interfere with the use of the same, and that if the plaintiffs own an interest and can establish title to the lands described in their complaint, that this defendant stands ready and willing to pay them such permanent damage as they may have sustained by reason of the construction, maintenance and use of said transmission line."

The issues submitted to the jury and their answers thereto were as follows:

"1. Are the plaintiffs the owners of the lands described in the complaint? Answer: Yes.

2. Did the defendant enter upon said lands of plaintiffs and dig holes, place poles, string wire thereupon in the construction of an electric transmission line as alleged in the complaint? Answer: Yes.

3. If so, was such entry of the defendant wilful, wanton and wrongful? Answer: Yes.

4. What damage, if any, are plaintiffs entitled to recover of the defendant by reason of said wilful, wanton and wrongful acts and conducts? Answer: .......... . ..

5. Have plaintiffs' said lands been diminished in value as result of the location, erection and maintenance of the defendant's transmission line over and across said lands? Answer: Yes.

6. If so, what permanent damage or compensation are plaintiffs entitled to recover of the defendant by reason thereof? Answer: $1,000."

The court below signed judgment on the verdict. The defendant made numerous exceptions and assignments of error and appealed to the Supreme Court.

T. M. Jenkins for plaintiff.
R. L. Phillips and S. W. Black for defendant.

CLARKSON, J. Under "Eminent Domain," chapter 33, C. S., 1706, is the following: "The right of eminent domain may, under. the provisions of this chapter, be exercised for the purpose of constructing their roads, canals, lines of wires, or other works, which are authorized by law and which involve a public use or benefit, by the bodies politic, corporations, or persons following: . . . (3) Persons operating or desiring to operate electric light plants, for the purpose of constructing and erecting wire or other necessary things."

Under said chapter the procedure for condemnation of land for public purposes is provided for. The defendant had a right, under the above law, to condemn plaintiffs' land, and the issues in such a case are set forth in *Light Co. v. Reeves,* 198 N. C., at p. 409. Instead of pursuing the orderly procedure provided by law, defendant went on plaintiffs' land without their permission and erected its poles and transmission lines, contrary to all law. Plaintiffs sued for this wrong and defendant in its answer says that "This defendant stands ready and willing to pay to them such permanent damage as they may have sustained by reason of the construction, maintenance, and use of said transmission line."

The court below tendered other issues and also issue 6, which is as follows: "If so, what permanent damage or compensation are plaintiffs entitled to recover of the defendant by reason thereof?"

The defendant tendered a sole issue, practically as above, relating to compensation or permanent damage. The jury under this issue assessed the permanent damage as $1,000. The jury answered the third issue that defendant's entry was wilful, wanton and wrongful, but assessed no damage against defendant for its wanton and wilful conduct as found by the jury; therefore, all exceptions and assignments of error in regard to the evidence and charge of the court below on this aspect becomes immaterial and not necessary to be considered on this appeal.

The defendant contends that several witnesses were allowed to give their opinion as to the purpose for which the lands are adapted or suitable and to give an opinion of its decreased value. We see no objection to the competency of this character of evidence.

*Brown v. Power Co.,* 140 N. C., 333, is similar to the case at bar. At page 341-2, it is said: "It is well settled that when, for the purpose of meeting and providing for a public necessity, the citizen is compelled to sell his property or permit it to be subjected to a temporary or permanent burden, he is entitled by way of compensation, to its actual market value. Lewis on Eminent Domain, sec. 478. The difficulty arises not so much in fixing the standard of the right, as in ascertaining what elements or factors may be shown in applying the standard. Certainly where by compulsory process and for the public good the

CRISP *v.* LIGHT CO.

State invades and takes the property of its citizens, in the exercise of its highest prerogative in respect to property, it should pay to him *full compensation.* The highest authorities are to that effect. 'The market value of property is the price which it will bring when it is offered for sale by one who desires but is not obliged to sell it, and is bought by one who is under no necessity of having it. In estimating its value all the capabilities of the property and all the uses to which it may be applied or for which it is adapted may be considered and not merely the condition it is in at the time and the use to which it is then applied by the owner.' Lewis Eminent Domain, *supra."*

This principle is also set forth in the citations made by defendant in *R. R. v. Mfg. Co.,* 169 N. C., 164, and under chapter on Eminent Domain, 10 R. C. L., p. 130.

Also the question of damage by private property being taken for public purposes is fully discussed in *Ayden v. Lancaster,* 195 N. C., 297. All these authorities are to the effect, as set forth in *R. R. v. Mfg. Co., supra.* "But mere possible or imaginary uses or the speculative scheme of its proprietor are to be excluded."

The defendant contends that some of the transmission poles were on the right-of-way of the railroad company, but the fee-simple title being in plaintiff the law is set forth in *Rouse v. Kinston,* 188 N. C., at p. 11, as follows: "In the present case the defendant denies the right of plaintiff to recover damages for the pipe line running along the State Highway, No. 10, plaintiff having a fee-simple title to the land. In *Teeter v. Tel. Co.,* 172 N. C., 785, it is said: 'It is not denied by defendant that the telegraph line superimposed upon a railroad right-of-way is an additional burden which entitled the owner to compensation. *Hodges v. Tel. Co.,* 133 N. C., 225; *Phillips v. Tel. Co.,* 130 N. C., 513.' To the same effect is a water main."

The evidence covered a wide range, but we do not think it was so remote, conjectural or speculative that we could hold it, if error, reversible or prejudicial. We think the evidence that the power line over the property carried 66,000 volts, a circumstance to be considered by the jury. *R. R. v. Mfg. Co.,* 169 N. C., 156.

In *Greensboro v. Bishop,* 197 N. C., at p. 754, it is said: "In this character of evidence (value standards) no ironclad rule can be laid down. The relevancy is largely with the court below, the probative force is for the jury."

The right-of-way taken by defendant company was 50 feet from the center of the transmission line on both sides. The line ran 1,200 feet from the point where it entered plaintiffs' land to the point where it left it.

On the entire record we see no reversible or prejudicial error.

No error.