CAROLINA POWER AND LIGHT COMPANY, PETITIONER, v. JESSE C. CLARK, JR., HATTIE M. CLARK AND BUNCOMBE COUNTY, NORTH CAROLINA, DEFENDANTS.

(Filed 29 February, 1956.)

**1. Eminent Domain § 8—**

On the question of the amount of compensation to be paid for the taking of land under eminent domain, consideration of future uses to which the property is reasonably adapted should be limited to those uses which are so reasonably probable as to have an effect on the present market value of the land, and purely imaginative or speculative value should not be considered.

**2. Eminent Domain § 18c—**

Where respondents introduce evidence of the suitability of their land for a dam site and contend that the taking of the easement by petitioner decreased the present value of their land by impairing or destroying its availability for this purpose, it is error for the court to exclude testimony of a qualified witness as to the high cost of constructing a dam at the site as tending to show the remoteness of the availability of the property for this purpose so that such purpose would not enter into the contemplation of a prospective seller or purchaser of the property and thus affect or enhance the present market value of the land.

**3. Eminent Domain § 8—**

The nature and extent of the easement acquired determines whether there is any substantial difference between the value of the easement and a fee simple estate in the land, and each case must stand on its own exact facts.

**4. Same: Eminent Domain § 18e—Instruction that value of perpetual easement equaled the fee held prejudicial on facts of this case.**

Where, in proceedings to fix compensation for the taking of an easement for electric transmission line, the parties stipulate that the owners of the land should have full right and power to use the land for all purposes not inconsistent with the easement acquired, and that the easement should be limited to the construction, operation and maintenance of the transmission line, with right to enter upon the land for inspection, repairs and alterations, and to keep the right of way clear of all structures, except ordinary fences, trees, etc., *held:* The right of the landowners to use the land for all purposes not inconsistent with the easement and their rights to compensation for any additional burden which might thereafter be placed upon the land are substantial rights, and therefore instructions to the effect that the perpetual easement acquired for all practical purposes amounted to a fee, and the failure of the court to charge as to the use the landowners could make of the servient estate, is prejudicial error.

APPEAL by petitioner from *Nettles, J.,* October Term 1955 of BUN-COMBE.

Special proceeding instituted by petitioners, pursuant to the provisions of Chapters 40 and 56 of the General Statutes, for the purpose of obtaining a 30 foot right of way and easement for a distance of 1,528 feet over the lands of the individual defendants (Buncombe County has a lien for unpaid taxes) in Hominy Township, Buncombe County.

The parties being unable to agree as to the price to be paid by the petitioner for the easement, commissioners were appointed by the Clerk of the Superior Court of Buncombe County to appraise the right of way and easement described in the petition for condemnation. To this order the individual defendants objected, and excepted. The commissioners made their report to the Clerk, and assessed damages in the sum of $800.00. The individual defendants filed exceptions to the commission-

ers' report. The Clerk of the Court overruled the individual defendants' exceptions, and confirmed the commissioners' report. The individual defendants excepted to the order of confirmation, and appealed.

In the Superior Court it was stipulated and agreed by the parties that only this one issue should be submitted to the jury: "What amount of damages are the respondents (defendants) Jesse C. Clark, Jr. and Hattie M. Clark entitled to recover of the petitioner (plaintiff) for the easement taken by the petitioner over the lands of the respondents in this proceeding?" The jury answered the issue $5,000.00.

The defendant Buncombe County filed no answer.

From judgment entered on the verdict, petitioner appeals, assigning error.

*Charles F. Rouse, Robert F. Phillips, and Harkins, Van Winkle, Walton & Buck for Petitioner, Appellant.*

*W. W. Candler and Cecil C. Jackson for Defendant Respondents, Appellees, Jesse C. Clark, Jr., and Hattie M. Clark.*

PARKER, J. The evidence of the individual defendants introduced without objection, except as to the testimony of Sam W. Huddleston set forth below, which was objected to on the ground that he had not qualified as an hydraulic engineer to express an opinion, tends to show the following facts. They own a farm of about 100 acres in Beaverdam Valley. Beaverdam Creek, a clear mountain stream about 14 to 16 feet wide and 10 to 18 inches deep, runs approximately through the center of the farm. On the north end of the farm is a narrow gorge 100 to 150 feet wide, where a dam could be placed to create a lake and to make a development for residential lots. Before petitioner's power lines were placed on the easement, they had plans for the construction of a dam. A dam was needed to pond water for irrigation on the farm. Just before the power line was built, they had secured tractors and equipment to build a dam. The petitioner placed five poles on the easement on the farm to carry its lines. Their witness, Sam W. Huddleston, testified that a dam about 120 feet wide at the bottom and about 12 to 14 feet wide at the top could be built in the narrow gorge on the farm. The poles of the petitioner would damage the proposed lake, because the water of the lake would have to be maintained at a level not to interfere with the power lines.

In reply to the above evidence petitioner offered the testimony of Lee G. Warren, who has had experience in the building of hydroelectric developments for 22½ years. At the request of the petitioner he went out to the farm of the appellants, and made a survey or calculation as to the building of a dam wholly on their farm. He testified as to the

things to be considered in order to calculate and build a dam there. He was then asked this question by petitioner: "Do you have an opinion, from your inspection of this site which you speak of, the approximate cost of the construction of a dam there?" The appellants objected, the objection was sustained, and the petitioner excepted, which is its exception No. 5 and assignment of error No. 5. The witness, if permitted to answer, would have replied: "Yes, 20 feet high it would cost $50,000.00; that is a rolled clay dam, with rock rip-rap sides, surfaces, and for 10 feet high it would cost approximately $20,000." The jury did not hear this excluded testimony. The petitioner assigns the exclusion of this evidence as error.

In fixing values on property in condemnation proceedings for any and all uses or purposes to which the property is reasonably adapted and might, with reasonable probability, be applied, but has never been applied, its availability for future uses must be such as enters into and affects its market value, and regard must be had to the existing business or wants of the community, or such as may be reasonably expected in the immediate future to affect present market value. The test is what is the fair value of the property in the market. The uses to be considered must be so reasonably probable as to have an effect on the present market value. Purely imaginative or speculative value should not be considered. *Gallimore v. Highway Com.*, 241 N.C. 350, 85 S.E. 2d 392; *Light Co. v. Moss*, 220 N.C. 200, 17 S.E. 2d 10; *Power Co. v. Power Co.*, 186 N.C. 179, 119 S.E. 213; *Teeter v. Telegraph Co.*, 172 N.C. 783, 90 S.E. 941; *Land Co. v. Traction Co.*, 162 N.C. 503, 78 S.E. 299; *Brown v. Power Co.*, 140 N.C. 333, 52 S.E. 954; *Olson v. U. S.*, 290 U.S. 623, 78 L. Ed. 1236; *Boom Co. v. Patterson*, 98 U.S. 403, 25 L. Ed. 206; *Illinois Power & Light Corp. v. Parks*, 322 Ill. 313, 153 N.E. 483; *Pruner v. State Highway Com.*, 173 Va. 307, 4 S.E. 2d 393; *State Highway Com. v. Brown*, 176 Miss. 23, 168 So. 277; *Andrews v. Cox*, 127 Conn. 455, 17 A. 2d 507.

*Crisp v. Light Co.*, 201 N.C. 46, 158 S.E. 845, was an action to recover damages for the construction of an electric transmission line over the plaintiff's land. The Court said: "The defendant contends that several witnesses were allowed to give their opinion as to the purpose for which the lands are adapted or suitable and to give an opinion of its decreased value. We see no objection to the competency of this character of evidence." See also to same effect *Light Co. v. Rogers*, 207 N.C. 751, 178 S.E. 575; *Teeter v. Telegraph Co., supra.*

The individual defendants offered testimony to show that their land was plainly adapted for a dam site, and that the easement acquired by petitioner in impairing or destroying its availability for a dam site decreased the present value of their land. The excluded testimony of

petitioner's witness, Lee G. Warren, as to the high cost of constructing a dam upon their property, was competent as tending to show that, because of the high cost of building a dam upon this land, the availability of this property for a dam site would not enter into the contemplation of a prospective seller or purchaser of the property, and could not reasonably be held to affect or enhance its present market value. The exclusion of this testimony was prejudicial error to petitioner. Such error is apparent from a reading of the charge where it appears that the judge recapitulated the evidence of the individual defendants as to the availability of their land for a dam site to create a lake for purposes of irrigation and for selling building lots around it, and petitioner's evidence as to the high cost of constructing a dam upon this property was excluded from the knowledge and consideration of the jury.

The petitioner assigns as error No. 8 this part of the charge: "Where . . . a public utility takes by condemnation a perpetual easement entitling it to occupy and use the entire surface of a part of a tract of land . . ."

The petitioner assigns as error No. 9 this part of the charge: "The rule declares that the full market value of the part of the land covered by perpetual easement will be a proper element of the compensation, and forbids any diminution in the allowable compensation on account of any use which the landowner might make of any part of the land covered by the perpetual easement."

The petitioner assigns as error No. 10 this part of the charge: "Since the condemnor acquires the complete right to occupy and use all the land covered by the perpetual easement for all time to the exclusion of the landowners, the bare fee remaining in the landowner is, for all practical purposes, of no value, and the value of the perpetual easement acquired by the condemnor is virtually the same as the value of the land embraced by it."

At the beginning of the trial the parties to this special proceeding entered into a stipulation to this effect: The petitioner is a public utilities corporation existing under, and by virtue of, the laws of North Carolina, and is doing business within said State in the distribution of electricity for commercial, industrial and domestic use. That it has the power of eminent domain for the purposes of its business. That the petitioner, under its power of eminent domain, has taken an easement and right of way over the land of the individual defendants, which easement is specifically described in the stipulation, with the privilege to construct, operate and maintain in, upon, and through said land, in a proper manner, with poles, wires and other necessary apparatus and appliances, a line for the purpose of transmitting electricity, with

the right at all times to enter upon said land to inspect said line, and to make necessary repairs and alterations, with the right to permit the attachment of, and to carry in conduit wires and cables of any other company or person, together with the right to keep the right of way clear of all structures, except ordinary fences, trees, etc. "That, except for said purposes, the petitioner does not propose to interfere with the rights of the defendants; that the defendants shall have the full power and right to use the lands over which said right of way and easement shall be condemned for all purposes not inconsistent with the rights to be acquired therein and the use thereof by the petitioner . . . It is further stipulated and agreed that the land described in the preceding paragraphs is acquired by the petitioner for the purpose of conducting the business for which it is engaged, and the specific use of said land, right of way and easement for the purpose of laying out, constructing, maintaining, operating and preparing, altering, replacing and removing power lines and communication lines in connection with the business of said petitioner."

This Court said in *Highway Com. v. Black,* 239 N.C. 198, 79 S.E. 2d 778: "Whether there is any substantial difference between an easement and a fee simple estate in land depends upon the nature and extent of the easement."

The nature and extent of the easement acquired controls the rights of the parties. Each case must stand on its exact facts. *Chesson v. Jordan,* 224 N.C. 289, 29 S.E. 2d 906.

In *Light Co. v. Bowman,* 229 N.C. 682, 51 S.E. 2d 191, the Court said: "The general rule in regard to land condemned for use for electric power transmission lines seems to be that the landowner has the right to make use of the strip of land condemned in any manner which does not conflict with the rights of the Power Company, and which is not inconsistent with the use of the land for the purposes for which condemnation was allowed, and which does not interfere with the free exercise of the easement acquired."

According to the stipulation entered into by the parties here except the defendant Buncombe County, which did not answer, the easement acquired by petitioner in the instant case expressly states, *"that the defendants shall have the full power and right to use the lands over which said right of way and easement shall be condemned for all purposes not inconsistent with the rights to be acquired therein and the use thereof by the petitioner."* This is a substantial right for the appellants. According to the stipulated easement here, the landowners have this further substantial right, that, if any additional burden is put upon this right of way or easement not properly embraced in the general purposes for which condemnation was had, the compensation for such

additional burden will accrue to the owner and not to the petitioner. *Phillips v. Telegraph-Cable Co.*, 130 N.C. 513, 41 S.E. 1022; *Hodges v. Tel. Co.*, 133 N.C. 225, 45 S.E. 572; *Brown v. Power Co., supra; Teeter v. Tel. Co., supra; Rouse v. Kinston*, 188 N.C. 1, 123 S.E. 482; *Crisp v. Light Co., supra; Hildebrand v. Tel. Co.*, 219 N.C. 402, 14 S.E. 2d 252. The stipulation as to the easement in the instant case seems to have been entered into by the parties so as to conform to the general rule set forth in the paragraph immediately above in *Light Co. v. Bowman.*

The lower court in its charge, and particularly in the part of it which is covered by petitioner's assignments of error Nos. 8, 9 and 10, ignored the nature and extent of the easement acquired by petitioner here according to the express stipulation, and charged the law, as if petitioner had acquired the complete right to occupy and use the entire surface of the part of the land covered by a perpetual easement for all time to the exclusion of the individual defendants. In so charging, the court was in error, and assignments of error Nos. 8, 9 and 10 are good. Of course, if petitioner had acquired such an easement as the lower court charged, which it did not, "the bare fee remaining in the landowner is, for all practical purposes, of no value, and the value of the perpetual easement acquired by the condemnor is virtually the same as the value of the land embraced by it." *Highway Com. v. Black, supra.*

The petitioner assigns as error No. 13 the failure of the court to charge the jury as to the use that the appellants could make of the easement acquired as stipulated. This assignment of error is good.

This Court said in *Light Co. v. Carringer*, 220 N.C. 57, 16 S.E. 2d 453: "When an easement is acquired in land the fee remains in the original owner burdened by the uses for which the easement is acquired. Hence, in awarding compensation to the owner of land for an easement acquired due consideration is to be given to the fact that the fee remains in the own (owner) subject to the prior rights incident to the easement."

*Gas Co. v. Hyder*, 241 N.C. 639, 86 S.E. 2d 458, is distinguishable. In that case the Court said: "In the instant case, the nature of the easement is stipulated and does not purport to limit the petitioner's use to the exercise only of such rights as may be reasonably necessary to carry out the purposes for which the easement is sought."

For prejudicial error in the exclusion of evidence and for prejudicial errors in the charge, petitioner is entitled to a

New trial.