JUNIUS D. GRIMES v. VIRGINIA ELECTRIC & POWER COMPANY AND THE CITY OF WASHINGTON, N. C., A CORPORATION.

(Filed 27 February, 1957.)

**Easements § 5—**

> The purchaser of an easement granting to it, its successors and assigns, the right to maintain power lines and poles, the right of ingress and egress, and the right to increase or decrease the number of wires, may not grant to another utility a license to attach its crossarms and wires to the poles without the payment of additional compensation to the landowner for the additional burden. The second utility is not an assignee of the first, since the first utility retains its full right to use the easement granted.

RODMAN, J., took no part in the consideration or decision of this case.

APPEAL by plaintiff from judgment of nonsuit entered by *Frizzelle, J.,* October, 1956 Term, BEAUFORT Superior Court.

Civil action to recover compensation for an additional burden placed upon plaintiff's land. The plaintiff's alleged cause of action grew out of the following facts: On 7 May, 1953, the plaintiff and his wife, for a valuable consideration, granted to Virginia Electric & Power Company, "its successors and assigns, the perpetual easement to construct, operate, and maintain one or more pole or tower lines, as the company may from time to time deem expedient or advisable, for the purpose of transmitting electricity, . . . including all wires, poles, towers, attachments," . . . over, on, and across a certain described tract of land owned by the plaintiff, Junius D. Grimes, and located just outside the corporate limits of the Town of Washington. The grant included the right of ingress and egress for maintenance purposes, and to increase or to decrease the number of wires. The easement was granted over a strip 50 feet wide and approximately 2,500 feet long.

Prior to February, 1954, the City of Washington was engaged in the business of furnishing electric power both to residents of the city and to residents beyond its corporate limits. In order to facilitate its distribution .outside the city, it entered into a written agreement on 15 February, 1954, with the Virginia Electric & Power Company in which the power company granted to the City of Washington a license to attach wires and appurtenances to the power company's poles and to maintain not to exceed eight wires with a maximum potential of 15,000 volts. The attachment required the addition of one crossarm and contained a provision that each of the defendants should be responsible for the maintenance of its separate facilities.

The plaintiff introduced evidence to the effect that the power lines of the defendants traversed his land for about 2,500 feet and that his land was damaged from $2,000 to $5,000 by the attachment of the city's lines. At the close of all the evidence the court entered judgment of compulsory nonsuit, from which the plaintiff appealed.

*Rodman & Rodman, Bryan Grimes, Junius D. Grimes, Jr., for plaintiff, appellant.*

*James B. McMullan and L. E. Mercer for defendant City of Washington, appellee.*

*Spruill & Spruill for defendant Virginia Electric & Power Company, appellee.*

HIGGINS, J. The question presented is whether the plaintiff's grant to Virginia Electric & Power Company authorized it in turn to grant to the City of Washington the right to attach electric lines and appurtenances, including a crossarm, to the power company's poles. The plaintiff contends he is entitled to collect compensation for the increased servitude thus placed on his land. On the other hand, the defendant contends the plaintiff's grant was to the Virginia Electric & Power Company and to its successors and *assigns*, and permitted it to make the assignment to the City of Washington.

The answer to the defendant's contention is that the Virginia Electric & Power Company has not assigned anything. It still retains its right to maintain its full complement of wires and other facilities and to transmit electricity within the full limits of its grant. The contract between the defendants permits the power company to retain all its facilities and, in addition, permits the City of Washington to transmit its own current by means of its own wires attached to the power company's poles. The plaintiff was not a party to the contract between the defendants. The additional lines of the city, with the right to enter upon the lands for maintenance purposes, place an additional burden on plaintiff's land without his consent. Two power companies enjoy an easement over his land. He granted only one.

Any additional burden beyond the grant entitles the landowner to just compensation. *Light Co. v. Clark*, 243 N.C. 577, 91 S.E. 2d 569; *Hildebrand v. Tel. Co.*, 219 N.C. 402, 14 S.E. 2d 252; *Crisp v. Light Co.*, 201 N.C. 46, 158 S.E. 845; *Rouse v. Kinston*, 188 N.C. 1, 123 S.E. 482; *Teeter v. Telegraph Co.*, 172 N.C. 783, 90 S.E. 941; *Hodges v. Telegraph Co.*, 133 N.C. 225, 45 S.E. 572; *Phillips v. Telegraph Co.*, 130 N.C. 513, 41 S.E. 1022; Mordecai's Law Lectures, 2d Ed., Vol. 1, pp. 467, 469, 470.

The plaintiff is entitled to go to the jury on the question of just compensation for the additional burden placed upon his land.

Reversed.

RODMAN, J., took no part in the consideration or decision of this case.