PUBLIC SERVICE COMPANY OF NORTH CAROLINA, INC., PETITIONER-APPELLANT v. JOHN R. KISER AND WIFE, EMMA DENEALE KISER, RESPONDENTS-APPELLEES

No. 7028SC314

(Filed 5 August 1970)

1. Gas § 6; Eminent Domain § 5— gasline easement — measure of damages

The measure of damages to which landowners were entitled for the taking of a gas pipeline easement was the difference in the fair market value of the land immediately before the taking as compared to the fair market value of the land immediately after the taking.

2. Eminent Domain § 5— determining market value

In determining market value, consideration of future uses to which the property is adapted and which are precluded by the taking should be limited to those uses which are so reasonably probable as to have an effect on the present market value of the land, and purely imaginative or speculative value should not be considered.

3. Gas § 6; Eminent Domain § 6— condemnation of gasline easement — evidence of value — prejudice — instructions

In a proceeding to condemn a gasline easement across the respondents' land, the fact that the respondents' witness might have based his pre-condemnation valuation of the land upon the possibility of relocating a roadway easement on the land was not prejudicial to the gas company, where (1) the trial judge specifically instructed the jury to ignore the possibility of such relocation and (2) the jury's verdict indicated a thorough understanding of the instructions.

APPEAL by petitioner (Gas Company) from *Grist, J.,* 8 December 1969 Session of BUNCOMBE County Superior Court.

Gas Company instituted this special proceeding for the condemnation of a pipeline easement across the lands of the respondents (Landowners) in Buncombe County, North Carolina. Commissioners were appointed, and the Clerk of the Superior Court confirmed the award made by them. From the order of confirmation both parties appealed to the Superior Court upon the issue of damages.

The Landowners owned 21.5 acres of land in Upper Hominy Township, Buncombe County. This land was somewhat rectangular in shape, and there was located thereon an easement for a roadway. This easement was 16 feet in width, and extended across the property from east to west. On the eastern margin, the roadway was approximately 500 feet south of the northerly line and approximately 350 feet north of the southerly line. On the western margin of the tract of land, the roadway was approximately 200 feet south of the northerly line and approximately 550 feet north of the southerly line. The effect of the roadway was therefore to divide the property into two parts which were not equal and were described by some of the witnesses as being "pie-shaped." The Gas Company, exercising its right of condemnation, acquired an easement 50 feet in width and running with that width across the property and adjacent to the northerly edge of the 16-foot roadway. The Gas Company right of way contained 1.33 acres.

The Landowners offered testimony by six witnesses who gave their various opinions as to the fair market value of the entire tract of land before the taking by the Gas Company and their opinion as to the fair market value of the land after the taking by the Gas Company. The difference between these before and after values would be the damage sustained by the Landowners by the taking. The damage thus determined from the witnesses of the Landowners varied from a low of $10,800 as determined from the testimony of the witness Coggins to a high of $22,500 as determined by the witness Austin. The figure determined from the witness Thrash was $21,200.

The Gas Company offered two witnesses who testified as to the difference between the before and after values, and they arrived at a damage factor of a high of $2,650 and a low of $2,350.

After considering all of the evidence and the charge of the trial court (to which no exception has been taken), the jury

arrived at a verdict of $8,500. The judgment based upon this verdict sets out in detail the respective rights of the Gas Company in this 50-foot right-of-way and the rights which the Landowners retain therein. From the award of $8,500 as damages, the Gas Company appealed.

*Bennett, Kelly & Long; Hendon & Carson by George Ward Hendon for petitioner-appellant.*

*Joseph C. Reynolds for respondents-appellees.*

CAMPBELL, J.

[1, 2]  The measure of damages to which the Landowners were entitled for the taking of the easement by the Gas Company was the difference in the fair market value of the land immediately before the taking as compared to the fair market value of the land immediately after the taking.  3 Strong, N. C. Index 2d, Eminent Domain, Sec. 5. In determining market value, consideration of future uses to which the property is adapted and which are precluded by the taking, should be limited to those uses which are so reasonably probable as to have an effect on the present market value of the land, and purely imaginative or speculative value should not be considered. *Light Co. v. Clark,* 243 N.C. 577, 91 S.E. 2d 569 (1956) ; *Light Co. v. Moss,* 220 N.C. 200, 17 S.E. 2d 10 (1941) ; *Crisp v. Light Co.,* 201 N.C. 46, 158 S.E. 2d 845 (1931).

[3]  The Gas Company presents only one question for determination. The Gas Company argues that the witness Thrash and the witness Coggins based their respective opinions as to the before value of the tract of land on an assumption that the 16-foot roadway easement could be changed and by thus relocating the 16-foot roadway the land would be more adaptable for development as a subdivision, and that this relocation of the 16-foot roadway was now eliminated by the establishment of the Gas Company right-of-way along the northerly edge of the 16-foot roadway. The Gas Company argues that this permitted the establishment of a higher before value and that the property should have been valued in its existing condition with the 16-foot roadway established as it actually is and not based upon a possibility of changing it.

This is a valid argument, but we do not find that the Gas Company was prejudiced in the instant case. The witness

Coggins was actually the low man of the six witnesses testifying on behalf of the Landowners. In fact the witness Coggins testified with regard to the 16-foot roadway, "If that weren't a firm right-of-way there, I would think the property would have more value than I placed on it." It is thus obvious that the witness Coggins did not base his values upon the possibility of changing the roadway.

It is not so clear that the witness Thrash did not base his opinion as to the before value upon the possibility of changing the 16-foot roadway. Even assuming, however, that the witness Thrash did base his valuation upon this possibility, which would be an unacceptable and objectionable method, nevertheless, we do not think that the Gas Company has been prejudiced. The witness Thrash arrived at a damage figure of $21,200. The judge, in his charge to the jury, told the jury,

> ". . . The Court instructs you as a matter of law that you are not to consider a possibility of any change in the location of the roadway or power and light company easements. It is your duty to determine the value of the property immediately before the taking as it was at that time, and the value of the property immediately after the taking as it was at that time, and not to determine these values based on any possibility or assumption that some change in these easements might be made at a later date."

It is quite obvious that the jury was not confused and understood the judge's instructions because they did not find damages in keeping with what the witness Thrash had testified. The jury verdict of $8,500 would indicate a thorough understanding of the judge's instructions. We would suggest comparison with the case of *Shopping Center v. Highway Commission*, 265 N.C. 209, 143 S.E. 2d 244 (1965).

In the trial below we find no error sufficiently prejudicial to warrant a new trial.

No Error.

BRITT and VAUGHN, JJ., concur.