This is a proceeding brought by the plaintiff against the defendants for the condemnation of certain lands belonging to the defendants for a right of way for railroad purposes. The proceeding was commenced by a summons issued by the Clerk of the Superior Court of MADISON, on 28 December, 1910.
Upon the return of the summons, complaint and answer having been filed, the clerk made an order appointing commissioners to assess damages and benefits to the defendants' lands. The commissioners reported that the damages and benefits were equal. The defendants excepted to the order appointing commissioners and to the report of the commissioners, and to the order of the clerk confirming the report of the commissioners, and appealed to the Superior Court in term-time, (192) where it was tried and the jury rendered a verdict for the plaintiff, assessing the defendants' damages at $1,800 and their benefits at $3,400. Judgment was thereupon entered for the plaintiff, and the defendants appealed to the Supreme Court.
It is alleged in the petition and denied in the answer: "That it is the intention of the Madison County Railroad Company in good faith to construct and finish and operate a railroad from and to the places named for that purpose in the articles of the association, and referred to in the 11th paragraph of this petition."
In the order appointing the commissioners, the clerk finds as a fact that it is the intention of the petitioner, in good faith, to construct and operate the railroad as alleged, and it appeared on the trial in the Superior Court that the road had been constructed a distance of 10 miles, and was then in operation as a common carrier. *Page 156 
The defendants tendered the following issue, which was refused, and they excepted: "Is it the intention of the plaintiff, in good faith, to construct, finish, and operate the proposed railroad as a common carrier, as alleged in the petition?"
His Honor taxed the costs against the petitioner up to the time of the appeal from the clerk, and against the defendants thereafter, and defendants excepted.
The denial by the defendants of the allegation in the petition that it is the intention of the petitioner in good faith to construct and operate the proposed railroad, does not raise an issue of fact, and his Honor properly refused to submit the issue tendered. R. R. v. R. R., 148 N.C. 64.
In this case, the Court says: "The plaintiff, as required by section 2580, Revisal, stated in its petition that it had been duly chartered; that it was its intention in good faith to construct, finish, and operate (193) a railroad from and to the termini named in its charter; that its capital stock, as required by its charter, had been subscribed and the portion thereof required to entitle its organization and commencement of operation had been paid in; that it had been unable to acquire title to the lands necessary for its right of way or the easement thereon, and the reason of such inability. . . . When these essential averments are made and denied, how shall the court (the clerk) proceed? It is manifest that the pleadings, in this condition, do not raise `issues of fact,' requiring the cause to be transferred to the civil-issue docket, as required by section 529, Revisal. These preliminary questions are to be decided by the clerk. If he finds against the petitioner upon them, he dismisses the proceeding, and, if so advised, the petitioner excepts and appeals to the judge, who hears and decides the appeal. . . . By the statute (1893, chapter. 148; Revisal, sec. 2588) it was provided that, in condemnation proceedings by any railroad or by any city or town, `any person interested in the land, or the city, town, railroad or other corporation, shall be entitled to have the amount of damages assessed by the commissioners or jurors heard and determined upon appeal before a jury of the Superior Court, in term, if upon the hearing of such appeal a jury trial be demanded.' This limitation upon the right to demand trial by jury clearly excludes the idea that any such right is given in respect to the questions of fact to be decided preliminary to the question of damages. In Durham v. Riggsbee, 141 N.C. 128, the question presented upon this *Page 157 
exception is discussed by Mr. Justice Brown. Referring to the allegation that the petitioner has been unable to acquire the title, and the reason therefor: `While this is a necessary allegation of the petition, it is not an issuable fact for the jury to determine. The judge was right in refusing to submit it to the jury. Since the act of 1893 (Revisal, sec. 2588) the defendants had a right to demand a jury trial upon the matter of compensation.'"
We are also of opinion that the adjudication as to costs was in the discretion of his Honor.
Section 2589 of the Revisal provides that, "In any case where the benefits to the land caused by the erection of the railroad, street railway, telephone, telegraph, water supply, bridge, or electric power or lighting plant are ascertained to exceed the damages to the land, (194) then the said company shall pay the costs of the proceedings, except as provided in section 1269, and shall not have a judgment for the excess of benefits over the damage," and section 1269, referred to, authorizes the judge to adjudge the costs in condemnation proceedings as it appears to him to be equitable and just, when in his opinion the privilege, use, or casement has been improperly refused.
It appears from the record that disinterested commissioners had reported that the special benefits to the defendants were equal to the damages, and that the defendants appealed, and upon the evidence submitted to a jury, a verdict was returned finding that the benefits exceeded the damages by $1,600.
On these facts, it was proper to require the petitioner to pay all costs accruing up to the time of the appeal from the clerk, and the defendants to pay the costs thereafter incurred.
There are several exceptions to parts of the charge which demand no particular discussion. The one principally relied on is that his Honor told the jury that, "In estimating damages of any kind to the lands of the defendants taken by the railroad company, it is only proper to consider actual damages, not those remote or speculative or dependent upon a future possible use of the property."
The only evidence as to the future use of the property was as to the development of the water-power, and the language used, standing alone, might be construed to exclude that as an element of damage; but the charge must be considered as a whole, and his Honor further charged the jury: "If the jury shall find there is a water-power on these lands, in estimating the value of such water-power the jury will take into consideration the feasibility and practicability of developing same, and the cost of its development, and if the jury shall find that the cost of developing said water-power is so great as to make it unprofitable, then no damages *Page 158 
will have been suffered by the defendants by reason of its alleged destruction. In connection with this water-power, the jury will take into consideration whether or not the same can be developed as completely with the railroad constructed as it could have been without the (195) railroad being there, and if the jury shall find that this water-power can be developed as economically and so as to produce practically the same power now that the railroad has been constructed as it could have been before, then the defendants have suffered no damages to their alleged water-power by reason of the construction of the railroad. If the jury shall find that the water-power has a value, and that same has been damaged by the construction of the railroad, in assessing the damages the jury shall only consider the lands up to the mouth of Woodson Branch, over which the railroad runs. Defendants are entitled to no damages outside of those described in plaintiff's petition, and if other lands are required for the development of the water-power, then the defendants are entitled to damages for their proportionate part of such water-power. Defendants, or any of them, are not entitled in this suit to damages to lands on the opposite bank of the river from the railroad, unless you find the land of W. W. Gahagan on the opposite bank of the river from the railroad track was actually damaged as to water-power possibilities, as alleged by him. If there is such damage found actually and approximately to result, you may estimate such in fixing damages, if any is found."
The jury could not fail to understand, from this, that they were to estimate the damage to the water-power and its future development.
The case has, in our opinion, been fairly submitted to a jury, and we find no error which will justify disturbing the judgment rendered upon the verdict.
No error.
(196)