CALDWELL POWER COMPANY v. CHARLES RUSSELL ET AL.

(Filed 10 December, 1924.)

**Condemnation—Measure of Damages—Electricity—Transmission Lines—Instructions—Appeal and Error—Harmless Error.**

While the compensation for permanent damages to the owner for his lands, taken in condemnation for a designated location by an electrical power company for a single line of poles or towers thereon for the stringing of its wires, carrying its transmission current, is the fair market value of lands so taken, diminished by such restricted use, etc., a different rule may prevail, as in case of railroads, where a strip one hundred feet wide has been condemned across the owner's lands, that the power com-

pany may use in part or *in toto*, as it may deem necessary, wherein the rule applies in the admeasurement of such damages that a recovery may be had for the impaired value of the lands, including the market value actually covered by the right of way, with damages to the remainder of the tract or portion of the land if any used by the owner as one tract, deducting from the estimate pecuniary benefits or advantages which are special or peculiar to the tract, not common to the owners of other lands in the locality; and under the circumstances of this case an instruction that charged both of these principles was not held for reversible error, to the prejudice of the power company.

PROCEEDINGS to condemn land, giving plaintiff a right of way for its power lines over lands of defendant.

The proceedings were instituted before the clerk, on 16 June, 1922, commissioners appointed, land and route designated, and damages assessed, and judgment for amount, in September, 1922, by the clerk. Defendants, having duly excepted, appealed to Superior Court of CALD-WELL, where same was heard on an issue as to amount of damages, at May Term, 1924, before *Long, J.,* and a jury. The jury awarded damages to the amount of $150.00. Judgment for same, and plaintiff, having duly excepted, appealed to this Court, assigning errors in the charge on the issue as to damages.

*Squires & Whisnant for plaintiff.*
*Lawrence Wakefield and E. B. Cline for defendants.*

HOKE, C. J. There is no exception made in the record as to plaintiff's right to condemn the land for the purposes indicated, nor as to the regularity of the proceedings looking to that result, nor to the condemnation itself, the single question being as to the amount allowed defendants, and the rule given by which the same has been estimated.

On that issue the court charged the jury, in part, as follows: "The measure of permanent damages against this defendant for appropriating a right of way over plaintiff's lands for the construction of an electrical overhead system is the difference between the fair market value of the land before the right of way was taken and its impaired value, directly, materially and proximately resulting to plaintiff's land by the placing of the power line across the premises in the manner and to the extent and in respect to the uses for which the easement was acquired."

The court, among others, further instructed the jury as follows: "As I may be able to do so, I will try and give you the rule for the measure of damages in a case of this kind. One of these rules I find to have been made by *Judge Hoke,* in *R. R. v. Armfield,* 167 N. C., p. 464 *et seq.,* which is as follows: In awarding compensation to the owner of land for an easement acquired, recovery may be had for the impaired

value, including as a rule the market value of the land actually covered by the right of way, with damages to the remainder of the tract or a portion of the land, if any, used by the owner as one tract, deducting from the estimate the pecuniary benefits or advantages, if any, which are special or peculiar to the tract in question, but not the benefits or advantages, if any, which are shared by the owner in common with other owners in the same vicinity. That is one rule with regard to the estimate of damages which the court allows you to consider in connection with your estimate."

And defendant excepts, contending that this second instruction contains an erroneous modification of the first.

The first instruction above noted is in accord with that prescribed for assessment of damages in condemnation of a power line, laid down by the same learned judge in *Lambeth v. Power Co.,* and approved by this Court on appeal, decision reported in 152 N. C., p. 371, and is a fair and correct rule where the condemnation is of a single line with designated poles and towers. The second is the rule ordinarily applicable to assessment of damages in condemnation of a railroad right of way. Owing to the fact that in such a condemnation so large a part of the right of way is actually occupied permanently for railroad uses, and all of it liable to be taken at any time without further compensation, the Court has considered it a just rule to allow as part of the assessment the value of the land covered by the right of way, a rule that might in ordinary instances amount to prejudicial error in awarding damages for a single power line, properly defined and restricted. The Court is of opinion, however, that the modification should not be held for reversible error in the present case, owing to the very broad privileges sought in the present proceedings, which are set forth in the petition as follows:

"The description of the easement, or right of way, over the lands of defendants, necessary to be condemned is as follows: A strip of land not exceeding 100 feet in width, being 50 feet on either side of the center of petitioner's pole line through defendant's premises as surveyed and staked by C. C. Babb, civil engineer, being a line running south 27 degrees 10 minutes east 680 feet from a stake at the boundary line between defendants and C. J. Annas to the boundary line between defendants and A. P. Annas, such strip of land to be used for the purpose of constructing an electric power transmission line to be erected on steel poles and towers, together with the right to plant poles, erect towers, make repairs of and on its poles, towers and transmission lines from time to time, preserve its poles, towers, works and other property, and, also, to use said strip of land for such other purposes as may not be inconsistent with law and as may be necessary for the

enjoyment and maintenance of its rights and property and to enable it to faithfully discharge its public duty."

This Court has held in *Power Co. v. Wissler,* 160 N. C., pp. 269, 274, that the extent of an easement of this character is left very largely to the discretion of the Public Service Corporation, with the limitation that there be no fraud or manifest abuse of same. And, as stated, the right here having been sought and acquired, giving the privilege of appropriating the entire right of way, and permitting an interpretation authorizing as many lines as the company sees proper to construct, fully justifies the modification of the general rule stated by his Honor that the jury in the instant case could, if it saw proper, allow for the value of the land covered by the right of way.

In *Power Co. v. Wissler, supra,* speaking to the principle that the extent of the easement sought is left so largely to the discretion of the applicant, the Court said: "The extended discretion accorded to public service corporations by this interpretation of the statute does not, in our opinion, afford just ground for apprehension that the rights obtainable will be greatly abused, for it must be remembered, as suggested in some of the cases, that the ordinary uses of that portion of the right of way not actually required for the needs of the company remain with the owner, and the amount of compensation to be made, dependent as it is largely on the width of the right of way and the extent of the easement, will act in wholesome restraint of any disposition to seek more than is actually required. A contrary position, too, would be to seriously embarrass, and at times threaten, the success of enterprises giving promise of great benefit to the communities affected."

There is no reversible error presented in the record, and the judgment below is therefore affirmed.

No error.