NANTAHALA POWER AND LIGHT COMPANY v. R. F. ROGERS AND WIFE, HATTIE ROGERS.

(Filed 27 February, 1935.)

1. **Appeal and Error J e—**

    The admission of testimony over objection cannot be held prejudicial where similar testimony is admitted without objection.

2. **Eminent Domain D c—Witness familiar wih land in question may give his opinion of value of land taken and damage to contiguous land.**

    In proceedings to assess compensation in condemnation proceedings it is competent for the owner of the land in controversy and other witnesses familiar with the land to testify as to their opinion of the value of the land taken, and as to the value of respondent's contiguous lands before and after the taking, and as to the reasonable uses and capabilities of the land.

3. **Appeal and Error J e—**

    Where a witness answers a question propounded notwithstanding appellant's sustained objection thereto, but the witness' answer to the question is favorable to appellant, appellant is not in a position to complain.

4. **Eminent Domain C e—Respondent may recover value of easement taken plus damage to contiguous land resulting from such taking.**

    In proceedings to assess compensation in condemnation proceedings an instruction to the jury, supported by the evidence, that respondent is en-

titled to recover the actual market value of the easement taken plus the injury to respondent's contiguous lands resulting from such taking, measured by the actual market value of the contiguous lands immediately before and after the taking, is without error.

APPEAL by plaintiff from *Hill, J.,* and a jury, at August Regular Term, 1934, of MACON. No error.

This was a petition brought by the plaintiff, a public-service corporation, against defendants to condemn a right of way over defendants' land, and on exceptions filed by the defendants to the report of the jury appointed by the clerk of the Superior Court of Macon County, North Carolina, the case was tried at August Term, 1934, before his Honor, Frank S. Hill, judge, and a jury, in the Superior Court of Macon County, N. C., solely on the issue of damages. The issue submitted to the jury and their answer thereto is as follows: "What amount, if any, are the defendants entitled to recover of the plaintiff as compensation on account of the easement for the location and construction of plaintiff's transmission line across defendants' land? A. '$300.00.'"

The court below rendered judgment on the verdict. The plaintiff made numerous exceptions and assignments of error, and appealed to the Supreme Court. The material ones and necessary facts will be set forth in the opinion.

*Geo. B. Patton for plaintiff.*
*J. Frank Ray for defendants.*

CLARKSON, J. The plaintiff in its petition to condemn the land of defendants alleges: "That in order to construct, maintain, and use its electric transmission line, it is necessary for petitioner to acquire from defendants a right of way or easement over, through, and across the above-described tract of land the following-described parcel of land, to wit: Being a strip of land 100 feet in width, extending across a portion of the tracts of land hereinbefore described for a distance of 1,262 feet, said strip of land 100 feet in width having heretofore been staked out and laid off by petitioner."

The plaintiff petitioner prays for the condemnation of defendants' land—a strip 100 feet wide and 1,262 feet long, which has "been staked out and laid off by petitioner." The land staked out and laid off is about three acres. The defendants claim that seventeen acres of their remaining land is damaged by the actual taking of the three acres.

J. F. Browning testified for defendants, unobjected to, as follows: "That witness lived in lower end of county, at Oak Grove; is acquainted with lands owned by R. F. Rogers and his wife; has seen the land across which the transmission line has been constructed. It is 100 feet wide

and about 1,262 feet long, but does not know whether you could say as to market value it has or not; land moved so slow on 3 May, 1933; would think around $100.00 to $150.00 an acre; it could be farmed and could be used for various other things, building purposes, filling station, golf course, summer cabins. Nicely located on the highway and nice background upon the hill and frontage with the highway all the way around. Could not altogether be used for those purposes now. Is acquainted with 17 acres of land immediately surrounding it; could be used for farming mostly; that the reasonable market value of the remaining 17 acres immediately to 3 May, 1933, was $100.00, and immediately after 3 May, 1933, was worth $50.00; that was witness' opinion as to the whole 17 acres."

In *Colvard v. Light Co.,* 204 N. C., 97 (101), citing authorities, it is said: "It is well settled that the testimony is harmless where similar testimony is admitted without objection."

Notwithstanding this well-settled law, we will consider the plaintiff's objections and assignments of error to the following questions, propounded to the defendant, R. F. Rogers: "Q. Do you have an opinion satisfactory to yourself as to the reasonable market value of this land actually taken for the transmission line at the time the proceeding was instituted on 3 May, 1933? A. $200.00." . . . "Q. This property adjoining where the easement is, do you have an opinion satisfactory to yourself as to the reasonable market value of the remaining land at the time of the institution of this action on 3 May, 1933? A. All the tract they run over, you mean? Q. Yes. A. Before they put that line up over it, in my opinion it was worth $200.00 per acre. Q. What is your opinion as to the reasonable market value of this other 17 acres of land immediately after the taking? A. It would not be worth as much as it was before. Q. How much? A. About $50.00 an acre after this was left."

Evidence of the defendant Rogers was to the effect that he had owned the property some six or seven years. He testified: "That the property was near the highway, school, and churches; that it all lay well, practically level, and is on the Bryson City-Franklin highway. . . . The property was suitable for building, could use it for golf course, airplanes, and filling stations." The defendant Rogers had the opportunity for observation and his testimony was competent.

In *Crisp v. Light Co.,* 201 N. C., 46 (49), it is said: "The defendant contends that several witnesses were allowed to give their opinion as to the purpose for which the lands are adapted or suitable and to give an opinion of its decreased value. We see no objection to the competency of this character of evidence." *Colvard v. Light Co., supra.*

The plaintiff made the same objection and assignment of error as to the testimony of F. D. Morrison, a witness for defendants, which cannot be sustained. This witness Morrison had lived nearly all his life near the land and was acquainted and familiar with the land in controversy and its uses and capabilities.

Plaintiff's witness, J. R. Morrison, one of the commissioners appointed to appraise the damage to the strip of land 100 feet by 1,262 feet, testified that it was worth $25.00 per acre in fee simple: "Q. What, in your opinion, was the reasonable market value of that strip of land just after the transmission line was placed on it?" Defendants object; objection sustained. "Does not have an opinion as to the reasonable market value of the 17 acres adjoining this strip. In witness' opinion, the power line does not diminish the value of Rogers' other property." The witness answered the question notwithstanding defendants' objection, favorable to plaintiff—of course, plaintiff cannot complain about this. The other exceptions and assignments of error made by plaintiff as to the exclusion of evidence, are not material or prejudicial and present no new or novel proposition of law.

The court below instructed the jury, to which exception and assignment of error was made and which cannot be sustained, as follows: "The court instructs you that the damages are to be governed by the following rule of law: If the respondents are entitled to recover at all, they are entitled to recover such sum as you find the fair market value of the real estate included in the right of way referred to in the petition, that is, 1,262 feet in length and 100 feet in width, the reasonable market value of that land as of 3 May, 1933, plus such additional damages as the defendants' or respondents' other property may have sustained because of the construction of the electric power line through, over, and across their property. This latter element of damages to be determined by the reasonable market value of such additional land as of 3 May, 1933, immediately before the power line was constructed, and the reasonable market value of such property immediately after the power line was constructed, and the difference in value would be the amount the defendant would be entitled to recover, if there has been any depreciation in the value of the land." We can see no error in this charge as applicable to the facts in evidence in this action.

In *Power Co. v. Hayes,* 193 N. C., 104 (107), speaking to the subject, we find: "Authoritative decisions of this and other courts are to the effect that the owner of land, a part of which is taken under the right of eminent domain, may recover as compensation not only the value of the land taken, but also the damages thereby caused, if any, to the remaining land. *R. R. v. Land Co.,* 137 N. C., 330; 68 L. R. A., 333; *United States v. Grizzard,* 219 U. S., 180; 55 L. Ed., 165. In the

opinion in the last cited case, *Lurton, J.,* says: 'Whenever there has been an actual physical taking of a part of a distinct tract of land, the compensation to be awarded includes not only the market value of that part of the tract appropriated, but the damage to the remainder resulting from that taking, embracing, of course, the injury due to the use to which the part appropriated is to be devoted.' " *Colvard v. Light Co., supra; Mfg. Co. v. Aluminum Co., ante,* 52 (62).

*Power Co. v. Russell,* 188 N. C., 725, when properly interpreted, accords with the position here taken. We see no error in the other exceptions and assignments of error made by plaintiff to the charge of the court below.

In the judgment of the court below there is

No error.