NANTAHALA POWER & LIGHT COMPANY v. W. J. CARRINGER AND WIFE, NANNIE CARRINGER.

(Filed 24 September, 1941.)

**1. Eminent Domain § 8—**

In awarding compensation for an easement, due consideration is to be given to the fact that after the easement is taken the fee remains in the owner burdened by the uses for which the easement is acquired.

**2. Same—**

The measure of permanent damages for an easement over land acquired by condemnation is the difference in the fair market value of the land as a whole immediately before, and its impaired market value immediately after the taking.

**3. Eminent Domain § 10—**

Since the measure of damages for an easement acquired by condemnation is the difference between the fair market value of the lands immediately before and immediately after the taking, depreciation in value, if any, of the tract of land outside the bounds of the easement is an element of the damages recoverable, and whether the imposition of the easement is detrimental to the remaining lands is essentially a question of fact for the determination of the jury.

**4. Eminent Domain § 18: Trial § 6—**

In this proceeding to assess compensation for the taking of an easement over respondent's land for a high voltage transmission line, the court in ruling upon the admissibility of evidence stated that the steel towers on the land and the power lines running over the land did not affect the value of the land outside the easement. *Held:* The remarks of the court constituted a determination, as a matter of law, of an issue of fact within the province of the jury in violation of C. S., 564.

**5. Trial § 6: Appeal and Error §39—**

Where the court, in ruling upon the admissibility of evidence in a proceeding to assess compensation for an easement for a transmission line, stated that the taking of the easement did not affect the value of the remaining lands of respondent, such error is not cured by subsequent admission of evidence relating to the depreciation in value of the remaining lands, it not appearing of record that the court ever undertook to correct the impression its erroneous remarks must have left upon the minds of the jurors.

**6. Same—**

In this proceeding to assess compensation for the taking of an easement for a transmission line the court, in ruling upon the admissibility of evidence, made a statement constituting an expression of opinion that the lands outside the bounds of the easement were not adversely affected. *Held:* The charge of the court, when considered in connection with the erroneous statements, did not cure the error, but was subject to the interpretation that compensation should be limited to the land within the

limits of the easement acquired, and in any event the remarks constituted an expression of opinion in violation of C. S., 564, entitling respondent to a new trial.

APPEAL by respondents from *Johnston, Special Judge,* at June Term, 1941, of GRAHAM. New trial.

Civil action to determine the amount of compensation to be awarded the respondents on account of an easement and right of way taken by the petitioner over and across the lands of respondents.

The respondents own a tract of land containing 27 or 28 acres near Robbinsville about one-half mile from the courthouse. It is bisected by a highway leading from Robbinsville to Judson. The petitioner seeks an easement 225 feet wide by 1,655 feet long, or approximately 8½ acres, for the purpose of erecting and maintaining a high tension transmission and distribution line and an auxiliary telephone line, in furtherance of its business of supplying electric current to the general public. The commissioners appointed by the clerk assessed damages and the petitioner excepted and appealed.

When the cause came on for trial in the Superior Court it was admitted that petitioner is a public service corporation having the right to condemn and only the question of compensation was reserved for trial by jury.

Upon the coming in of the verdict of the jury, fixing compensation to be paid by petitioner, judgment was entered condemning to the use of the petitioner the easement sought by it upon the payment of the assessed damages. Respondents excepted and appealed.

*T. M. Jenkins and R. L. Phillips for plaintiff, appellee.*
*Morphew & Morphew and Edwards & Leatherwood for respondents, appellants.*

BARNHILL, J. When an easement is acquired in land the fee remains in the original owner burdened by the uses for which the easement is acquired. Hence, in awarding compensation to the owner of land for an easement acquired due consideration is to be given to the fact that the fee remains in the own subject to the prior rights incident to the easement.

Recovery may be had for the depreciated market value of the land actually embraced within the right of way, together with damages, if any, to the remainder of the land used by the owner as one tract. The measure of permanent damages for the appropriation of a right of way for the construction of an electrical overhead system is the difference between the fair market value of the tract as a whole before the right of way was taken and its impaired market value directly, materially and proximately resulting to the respondents' land by the placing of a power

line across the premises in the manner and to the extent and in respect to the uses for which the easement was acquired. *Power Co. v. Russell,* 188 N. C., 725, 125 S. E., 481; *Elks v. Comrs.,* 179 N. C., 241, 102 S. E., 414; *Crisp v. Light Co.,* 201 N. C., 46, 158 S. E., 845; *Power Co. v. Hayes,* 193 N. C., 104, 136 S. E., 353; *Colvard v. Light Co.,* 204 N. C., 97, 167 S. E., 472.

The purpose of the law is to compensate the landowner for his loss resulting from the imposition of the easement. It seeks to place him in the same financial condition, as respects the particular land in question, as he was before the easement was imposed. The market value is the yardstick by which such loss is measured. The owner must be paid such an amount as will equal, when added to the reasonable market value of the land after the imposition of the easement, its reasonable market value just prior to the taking. It follows of necessity that the depreciation in value, if any, of the tract of land outside the bounds of the easement is to be considered in assessing the amount to be paid and that whether the imposition of such easement is detrimental to the remaining land is essentially a question of fact.

During the progress of the trial, while the respondents were undertaking to establish the amount of compensation due, respondent Carringer was asked his opinion as to the market value of his remaining lands adjacent to but outside the bounds of the easement. The court then inquired, "How many contacts did they make on your land?" to which he responded, "Two steel towers." The court then inquired, "In placing your value, taking into consideration the fact that the two steel towers are on your land, that is the only physical contact you have, how much damage did those two steel towers do to your land?" Counsel for respondents then stated to the witness, "I think his Honor means taking into consideration these steel towers being put on your land and the power lines running over your land," to which the court responded, "I am holding the two steel towers and the lines running over there do not affect the balance of the land." Later when a witness was interrogated as to the high voltage lines (154,000 volts), strung over the land the court sustained an objection and remarked "that is what I have ruled out, the line." Thus the court inadvertently invaded the province of the jury. It determined, as a matter of law, what it was the duty of the jury to decide as an issue of fact upon the evidence offered.

It is contended that similar evidence was subsequently admitted for the consideration of the jury. This is not sufficient to cure the error. The court had stated, in the presence of the jury, that the uses to which the easement was to be subjected do not affect the balance of the land and that the presence of the high voltage wires was not to be considered. We cannot find in the record that the court ever undertook to correct the impression these remarks must have left upon the minds of the jury.

It is further argued that in its charge the court correctly stated the law and that this removed any prejudicial effects resulting from the remarks of the court. This we cannot hold. When the charge of the court is taken into consideration in connection with the statements it had made to or in the presence of the jury it is clearly subject to the interpretation that the court was limiting the land to be considered to that within the limits of the easement acquired. In any event its remarks constitute an expression of opinion that the land outside the bounds of the easement was not adversely affected. C. S., 564.

The remarks of the court in ruling upon the admissibility of the evidence, inadvertently made in the presence of the jury, are of such nature as to require a

New trial.