THE NORTH ASHEBORO-CENTRAL FALLS SANITARY DISTRICT
PETITIONER, v. R. L. CANOY AND WIFE, MYRTLE CANOY, DEFENDANTS.

(Filed 10 June, 1960.)

**Eminent Domain §§ 5, 9— Owners are not entitled to value of fee when
only easement which does not preclude use of land by owners is
condemned.**

Where a sanitary district condemns an easement for sewer lines to-
gether with the perpetual right to enter upon the land for the purpose
of inspecting its lines and making necessary repairs, replacements, ad-
ditions and alterations thereon, with right of the land owners to use
the land for all lawful purposes not inconsistent with the rights ac-
quired by the district, the measure of compensation is the difference
in the market value of the land free of the easement and the market
value of the land subject to the easement, and an instruction to the
effect that the owners retain the bare fee, with only a permissive right
to use the surface, and that the value of the perpetual easements ac-
quired by the district is virtually the same as the value of the land it-
self, is error.

APPEAL by petitioner from *Armstrong, J.,* at November 1959 Term,
of Randolph.

Special proceeding instituted by petitioner The North Asheboro-
Central Falls Sanitary District to acquire by condemnation an ease-
ment over and through the lands of defendant, described in the com-
plaint, for the installation and operation of a sanitary sewer system.

Defendants by answer admit right of petitioner to acquire the ease-
ment and right of way as sought by it, raising only question of dam-
ages or compensation due by petitioner for same.

Commissioners, duly appointed, appraised the property and ease-
ments taken and reported to the court. Defendants excepted thereto,
and appealed to Superior Court. And upon pre-trial hearing in Su-
perior Court, all parties being represented, the following pre-trial or-
der was entered.

"It is judicially stipulated by all the parties to this action as fol-
lows: 1. That the petitioning North Asheboro-Central Falls Sanitary
District is a sanitary district created under the provisions of Chap-
ter 130, Article 6 of the General Statutes of North Carolina, under
the supervision of the North Carolina State Board of Health and with
authority to construct, maintain and operate a sanitary sewer sys-
tem; that under the provisions of G.S. 130-130, the petitioning Sani-
tary District has the right, power and authority of eminent domain
with power of condemnation as provided in Chapter 40 of the General
Statutes.

"2. That the petitioning Sanitary District has the right and author-

ity to acquire an easement for a sanitary sewer line or lines in, along, through and over the lands of the respondents, subject to the payment of reasonable compensation to the respondents for damages, if any, by the taking of easement and of any damages to adjoining lands.

"3. That the respondents, R. L. Canoy and wife, Myrtle Canoy, are the owners in fee simple of approximately 62 acres of land located in Asheboro and Randleman Townships, Randolph County, the boundaries of which appear on a map, Respondents' Exhibit 'A','" reference being made to the record of certain deeds in the office of Register of Deeds of Randolph County.

"4. That the petitioner stipulates the right of way and easement over and through the lands of defendants as set forth in paragraph 5 of the Petition is 30 feet in width and 5,228 feet in length, and is shown on defendants' Exhibit 'A' in red lines, consisting of 3.53 acres.

"5. That all of the property as described in the easements lies within the North Asheboro-Central Falls Sanitary District, and that by virtue thereof, the responding landowners will have the privilege of tapping on to said line and receiving service from said line or lines.

"6. That the time of the taking of said right of way and easement was June 26, 1959. * * *"

Upon trial in Superior Court petitioner offered these stipulations in evidence and rested its case.

Thereupon defendants offered evidence pertaining in the main to matter of just compensation and rested their case. Petitioner then offered evidence in rebuttal,— and again rested.

The case was submitted to the jury upon this issue which was answered as here indicated:

"What amount of damages, if any, are the respondents R. L. Canoy and wife, Myrtle Canoy, entitled to recover of the petitioner, North Asheboro-Central Falls Sanitary District, for the easements and rights of way taken by the petitioner across their lands as described in this Petition? Answer: $5,000.00."

Judgment in accordance therewith was entered in pertinent part as follows:

" * * * and it appearing from the stipulation of the parties that the petitioner is a sanitary district created under the provisions of Chapter 130, Article 6 of the General Statutes of North Carolina and with authority to construct, maintain and operate a sanitary sewer system, and that under the provisions of General Statutes 130-130, the petitioning sanitary district has the right, power and authority of eminent domain with the power of condemnation as provided in Chapter 40 of the General Statutes; that the respondents, R. L. Canoy and

wife, Myrtle Canoy, are the owners of the lands across which the petitioner, by virtue of this proceeding, acquired the right of way and easement hereinafter described; and that the petitioning sanitary district has the right and authority to acquire an easement for a sanitary sewer line, or lines, in, along, through and over the lands of the respondents, subject to the payment of a reasonable compensation to the respondents for damages, if any, by the taking of the easement and of any damages to adjoining lands.

"It is therefore ordered, adjudged and decreed:

"1. That the petitioner, the North Asheboro-Central Falls Sanitary District, and its successors, be, and it is hereby granted the perpetual right of way and easement, and for the purposes herein set out, over, along, through, under and upon the lands of the respondents described in the Petition and Amended Petition, the same being a strip of land thirty feet wide, lying 15 feet on each side of a center line, which said center line is described as follows: Easement No. 1 (specifically described); Easement No. 2 (specifically described); Easement No. 3 (specifically described); Easement No. 4 (specifically described).

"2. That the petitioner is hereby granted the easement, right of way and privilege to construct and maintain in and upon and over and through the easements as described in a proper manner and with such apparatus and equipment as shall be necessary, sanitary sewer lines as a part of the sanitary sewer system of the petitioner, together with the perpetual and permanent right at all times to enter upon said easement for the purpose of inspecting said sanitary sewer lines and making the necessary repairs, replacements, additions and alterations thereon, and that except for said purposes, the petitioner shall not interfere with the rights of the respondents, and the respondents shall have the full power and right to use the lands over which said rights of way and easements have been condemned and secured and located, for all lawful purposes, so long as such purposes are not inconsistent with the rights to be acquired therein, and do not interfere with the use and maintenance of the rights of way and easements granted and acquired by the petitioner * * *."

Petitioner excepts thereto and appeals therefrom to Supreme Court, and assigns error.

*H. Wade Yates for petitioner, appellant.*
*Ottway Burton for defendants, appellees.*

WINBORNE, C. J. When the North Asheboro-Central Falls Sani-

tary District, in the exercise of its power of eminent domain, took the easements and rights of way over the lands of defendants hereinabove described, it became obligated by the North Carolina Constitution and by the statute under which it acted to pay to defendants just compensation for the damage done.

In this connection the petition sought and the judgment granted it the easements, rights of way and privilege as hereinabove set forth to construct and maintain in and upon and over and through the easements, as described, in a proper manner and with such apparatus and equipment as shall be necessary, sanitary sewer lines as a part of the sanitary sewer system of the petitioner, together with the perpetual and permanent right at all times to enter upon said easement for the purpose of inspecting said sanitary sewer lines and making the necessary repairs, replacements, additions and alterations thereon, and that except for said purposes, the petitioner shall not interfere with the rights of the respondents, and the respondents shall have the full power and right to use the lands over which said right of way and easements have been condemned and secured and located, for all lawful purposes, so long as such purposes are not inconsistent with the rights to be acquired therein, and do not interfere with the use and maintenance of the rights of way and easements granted and acquired by the petitioner.

Thus it appears by express language that the respondents retained the fee and have a right to use the property so long as such use does not interfere with the proper use by petitioner for the maintenance and operation of its sewer lines. Petitioner does not seek and did not acquire an absolute fee simple. It acquired merely an easement. And the court was under duty to lay down the correct rule to guide the jury as to what was just compensation for the damage done. In the performance of his duty the presiding judge told the jury: "(It is necessary for you to know what the rule is for measuring damages in such a case as this and the court charges you that the rule is that a petitioner such as the one in this case, a sanitary district, takes by condemnation a perpetual easement or right of way entitling it to occupy and use the entire surface of a part of a tract of land or to erect sewer lines, through and under said lands, such as is sought in this case, the landowners are entitled to recover just compensation from said petitioner for the easements taken, and just compensation in such case includes the reasonable market value of the part of the tract covered by the easement and damages, if any, done to the remainder of the tract by the taking of the easements and rights of way)." Petitioner excepts to the foregoing portion in parenthesis. Exception 25.

And continuing in this respect "(the court further charges you that since the condemnor, that is, the petitioner in this case, acquires the complete right to occupy and use the entire surface of the part of the land covered by the perpetual easements and rights of way for all time to the exclusion of the landowner, subject to his right to use it as I read in paragraph 6 of the petition where the petitioner sets forth the rights it desires to acquire, the bare fee then remains in the landowner, that is, Canoys, and for all practical purposes is of no particular value, and the value of the perpetual easements and rights of way acquired by the petitioner is virtually the same as the value of the land embraced in it; and the court further instructs you that any use which the landowner may make of any part of the land embraced in the perpetual easement is necessarily permissive and limited in character, and what, if anything, that may be worth in diminution of the compensation to which the respondents are entitled, if any, is to be determined by you under the evidence and the law as I give it to you in this case)." Petitioner excepts to the foregoing portion of charge in parenthesis. Exception 26. Compare with opinion in *Light Co. v. Clark*, 243 N.C. 577, 91 S.E. 2d 569.

In this respect petitioner appellant concedes in its brief that the law as thus charged is correct in the acquisition of certain easements, but that it is not a correct charge in connection with the easements and rights of way sought in this proceeding and by the petitioner in consideration of the express rights described in petition. Petitioner could use the property taken for only a limited purpose, and any other use by it or anyone else would require additional compensation. See *Grimes v. Power Co.*, 245 N.C. 583, 96 S.E. 2d 713; *Light Co. v. Clark, supra; Hildebrand v. Telegraph Co.*, 219 N.C. 402, 14 S.E. 2d 252; *Crisp v. Light Co.*, 201 N.C. 46, 158 S.E. 845; *Hodges v. Telegraph Co.*, 133 N.C. 225, 45 S.E. 572; and *R. R. v. Bunting*, 168 N.C. 579, 84 S.E. 1009.

Indeed, if the Sanitary District should arbitrarily or capriciously interfere with respondents' use of the surface, interference could be enjoined and the damage resulting from such interference would constitute a cause of action.

The landowner is entitled to the right to surface use. He is not required to seek permission for such use from the Sanitary District. To say in effect that such right or use has no value seems to be contrary to law and an expression of opinion prohibited by statute, G.S. 1-180.

The jury should have been instructed as to the respective rights of the petitioner and respondents. Petitioner should be required to pay

the difference in the market value of respondents' property free of the easement and subject to the easement. Such difference is a fair compensation.

For error pointed out there must be a

New trial.