. DUKE POWER COMPANY, PETITIONER, v. NEIL G. ROGERS AND WIFE, ELIZABETH ROGERS, RESPONDENTS.

(Filed 25 August, 1967.)

**1. Eminent Domain §§ 5, 9—**

Where an electric power company condemns an easement for its transmission lines together with the right to enter upon the land to maintain the lines, with the landowners retaining such rights in the land not inconsistent with the rights acquired by easement, the measure of compensation is the difference in the market value of the land free of the easement and the market value of the land subject to the easement, and an instruction to the effect that the landowners are entitled to recover the market value of the land taken, and the difference between the market value of the remaining tracts before and after the taking, is error.

**2. Same—**

The nature and extent of the easement acquired determines whether there is any substantial difference in the easement condemned and a fee simple estate in the land, and each case must stand on its exact facts.

**3. Appeal and Error § 5—**

When the case must be remanded for a new trial on one exception, the Supreme Court may discuss another exception relating to meritorious matter even though such other exception is not in the approved form.

APPEAL by petitioner from *Falls, J.,* August 1966 Civil Session of HENDERSON.

This is a condemnation proceeding instituted under G.S. 40-11 *et seq.* by Duke Power Company, a company which generates and distributes electricity, to acquire a right-of-way and easement for its transmission lines across the 8-acre home site of respondents, Neil G. Rogers and Elizabeth Rogers, his wife. Petitioner instituted the proceeding after failing to acquire the right-of-way by negotiation and purchase. The specific easement covers 0.93 acres, more or less, on the southwestern half of respondents' homeplace.

Petitioner proposes to construct within the right-of-way condemned one or more lines of towers, poles, or other structures, together with such transmission lines, telephone wires, guys, and other apparatus and appliances as its needs may, from time to time, require. In addition, petitioner acquires (1) the right to keep the right-of-way clear of all structures, trees, fire hazards, and other natural objects of any nature; (2) "danger tree rights," which are the right to trim, fell, and clear away any trees off the right-of-way which are hazardous to wires, towers, or any other structures and apparatus on the right-of-way; (3) the right of ingress to, and egress from, the right-of-way over and across the other lands of respondents by means of existing roads and lanes thereon or by such routes as shall occasion the least practicable damage and inconvenience to re-

spondents; provided that such right of ingress and egress shall not extend to any portion of respondents' lands which is separated from the right-of-way by any public road now or hereafter crossing said lands. Petitioner, however, must repair, or reimburse respondents for, any actual damage done to their property by the exercise of its right of ingress and egress. Respondents' rights in the strip are defined as follows:

"Respondents shall have all other rights to said strip of land not inconsistent with the rights and prohibitions herein contained, but respondents cannot; (1) construct streets, roads, water lines or sewer lines across said strip at an angle of less than sixty (60) degrees between the center line of said streets, roads, water lines or sewer lines and the center line of the right of way; nor closer than 20 feet to any structures placed upon the right of way by petitioner, nor shall the outside limit of any cut or fill be closer to said structures than 20 feet; (2) maintain fences that are not safely removed from structures to be placed on said strip; (3) dig wells on said strip; (4) place septic tanks, septic tank fields or any other underground construction on said property; (5) use said right of way for burial grounds; (6) interfere with or endanger the construction, operation, or maintenance of the petitioner's facilities."

Respondents' 8-acre tract in question is located in Henderson County approximately 2½ miles from the Hendersonville city limits and a quarter of a mile from the Hendersonville airport. The property fronts on State Road No. 1779 for approximately 800 feet in the neighborhood known as the Tracy Grove Community, a developed rural area. The tract is located on a grade or bluff. The house, a brick or permastone structure with wood siding, is built on the summit. It contains 9 rooms and a large hall. The land slopes downward in a southwesterly direction away from the front of the dwelling, which is surrounded by a plank fence, located approximately 50 feet from the house. Outside the fenced area, the remainder of the tract is kept mowed with a bush hog, pulled by a tractor. The 0.93-acre right-of-way crosses the property approximately 250 feet from the house. It runs in front of it and down the hill to the right. According to respondents, it mars their view of Mt. Pisgah and spoils the vista of surrounding mountains.

After the pleadings were filed, commissioners were duly appointed, and they assessed respondents' damages at $12,333.00. Petitioner excepted to the report. When the Clerk of the Superior Court confirmed it, petitioner appealed to the Superior Court at term. At the trial, both petitioner and respondents offered evidence. The issue of dam-

ages was submitted to the jury and answered as follows: "What amount, if any, are the respondents entitled to recover from the petitioner? ANSWER: $12,500.00."

From judgment entered on the verdict petitioner appealed, assigning errors.

*H. D. Coley, Jr.; Crowell & Crowell; Carl Horn, Jr., for petitioner appellant.*
*Garren & Stepp for respondent appellees.*

SHARP, J. Petitioner assigns as error the following portion of the judge's charge on the measure of damages:

> "So, you see, ladies and gentlemen of the jury, there are two elements of compensation to be considered by you. Number one, the market value of the land actually appropriated for easement purposes here, consisting of approximately one acre, and, second, the injury or damage done to the remainder of the tract or portion of the land, used by the owners as one tract. So the amount of compensation which the landowners are entitled to recover, if you find they are entitled to recover at all, is, first, the fair market and reasonable market value of the ·property taken or appropriated, and second, the difference between the reasonable market **value of the additional** tract or tracts just before the taking and appropriation of said lands, and the reasonable market value of such additional tracts or portions immediately following the taking. (Exception No. 1, Assignment of Error No. 1).

This instruction required the jury to award respondents the full value of the 0.93-acre tract traversed by petitioner's right-of-way as well as damages to the property on each side of it, as if each were a separate tract. This was prejudicial error. *Sanitary District v. Canoy,* 252 N.C. 749, 114 S.E. 2d 577; *Light Co. v. Clark,* 243 N.C. 577, 91 S.E. 2d 569. Petitioner does not acquire the right to occupy the surface of the 0.93-acre right-of-way to the *total* exclusion of respondents. It is condemning only an easement; respondents retain the fee in the land. Subject to the prohibitions specifically enumerated in the petition, they may make any use of the surface of the strip which will not interfere with petitioner's transmission of electricity. *Light Co. v. Bowman,* 229 N.C. 682, 51 S.E. 2d 191. Necessarily, that use will be limited; but it cannot be said that the right to use it and to traverse it freely has no value to them.

The jury should have been instructed that petitioner was required to pay respondents "the difference in the market value of (their).

property free of the easement and subject to the easement." *Sanitary District v. Canoy, supra* at 754, 114 S.E. 2d at 581. Stated more fully:

> "The measure of permanent damages for the appropriation of a right of way for the construction of an electrical overhead system is the difference between the fair market value of the tract as a whole before the right of way was taken and its impaired market value directly, materially and proximately resulting to the respondents' land by the placing of a power line across the premises in the manner and to the extent and in respect to the uses for which the easement was acquired." *Light Co. v. Carringer,* 220 N.C. 57, 58-59, 16 S.E. 2d 453, 454; accord, *Light Co. v. Clark, supra.*

The rule given by his Honor is the rule ordinarily applicable to the assessment of damages in condemnations of railroad, highway and other rights of way in which the bare fee remaining in the landowner, for all practical purposes, has no value to him and the value of the easement is virtually the value of the land it embraces. *Highway Commission v. Black,* 239 N.C. 198, 79 S.E. 2d 778; *R. R. v. Armfield,* 167 N.C. 464, 83 S.E. 809; see *Power Co. v. Russell,* 188 N.C. 725, 125 S.E. 481. Whether there is any substantial difference in the easement condemned and a fee simple estate in the land depends upon the nature and extent of the easement acquired. "Each case must stand on its exact facts." *Light Co. v. Clark, supra* at 582, 91 S.E. 2d at 572. *Light Co. v. Rogers,* 207 N.C. 751, 178 S.E. 575 and *Power Co. v. Russell, supra,* cited by appellee, appear to have involved more extensive easements than the one here condemned, but, however that may be, to the extent that they conflict with this opinion, they have been superseded by *Light Co. v. Clark, supra,* and *Sanitary District v. Canoy, supra.*

Petitioner's second assignment of error is that the judge failed to instruct the jury as to the rights acquired by petitioner and what rights respondents retained in the land covered by the easement. This assignment of error does not comply with our rules in that petitioner did not set out at the end of the charge what it contends the judge should have told the jury. Nevertheless, since the case goes back for retrial we take note of the court's omission. The judge should have instructed the jury as to the respective rights of petitioner and respondents and explained to them what use each was entitled to make of the strip condemned. *Sanitary District v. Canoy, supra; Light Co. v. Clark, supra.*

For the errors indicated, there must be a

New trial.