CITY OF STATESVILLE, a MUNICIPAL CORPORATION, PETITIONER v. LOUIS G. BOWLES AND WIFE, EUGENIA W. BOWLES, HOWARD HOLDERNESS AND THE JEFFERSON STANDARD LIFE INSURANCE COMPANY, a CORPORATION, RESPONDENTS

No. 6922SC391

(Filed 17 September 1969)

1. **Eminent Domain § 6— sewer line easement — evidence of value — expert testimony**

In a proceeding instituted by a municipality to establish a sanitary sewer line easement through two tracts of land owned by respondents, witnesses who had been qualified as expert real estate appraisers were competent to express the opinion that the location of the sewer line would prohibit grading to the depth necessary to prepare the property for commercial building.

2. **Eminent Domain § 6— evidence of value — basis of expert opinion**

It was proper and in fact desirable that expert real estate appraisers gave the reasons on which they based their opinion of the fair market value of property immediately before and immediately after a taking for a sanitary sewer line easement.

3. **Eminent Domain § 6— sewer line easement — evidence of highest use**

In a proceeding instituted by a municipality to establish a sanitary sewer line easement through respondents' land, it was proper to permit respondents' witness to testify that in his opinion the highest use of a portion of the land would be for the extension of a shopping center which was located on an adjacent tract or for a new shopping center, notwithstanding objection by the municipality on the grounds that the shopping center was not owned by respondents and that no plans for its expansion were shown.

4. **Eminent Domain § 5— determination of damages — possibility that tracts may be unified**

Ordinarily, valuations cannot be considered as a basis for awarding damages under the theory that numerous types of land may be brought together, unless it is shown there is a reasonable possibility that they can be unified in a single owner and that such unification is feasible and practical.

5. **Eminent Domain § 5— determination of compensation — combination of land with other property**

The use of property in combination with other property may be considered on the issue of damages if the possibility of combination is so reasonably sufficient and the use so reasonably probable as to affect the market value.

6. **Evidence § 3; Eminent Domain § 6— matters of common knowledge — value of land — adjoining businesses**

It is common knowledge that in determining the value of a tract of land buyers and sellers give substantial weight to the fact it is bordered by successful business ventures.

**7. Eminent Domain § 6— sewer line easement — evidence of alternate location — prejudicial effect**

In a proceeding instituted by a municipality to establish a sanitary sewer line easement through respondents' land, testimony elicited on cross-examination of the municipality's consulting engineer concerning a proposed alternate location for the sewer line was not prejudicial to the municipality, since the evidence resulted from a map introduced by the municipality showing the alternate location as a dashed line, and since the municipality had introduced the testimony of the engineer concerning his care in recommending the final location.

**8. Eminent Domain § 5— sewer line easement — determination of compensation — fee remaining in landowner — instructions**

In a proceeding on petition by a municipality to establish a sewer line easement through respondents' land, where the petition did not specify the nature and extent of the easement, the municipality acquired only such rights as were incidental to constructing, maintaining and operating the sewer line — which included the right to go on the property whenever necessary to inspect, repair or replace the line — and it was prejudicial error for the trial judge to refuse instructions tendered by the municipality that in awarding compensation for the taking of the easement the jury must consider that the fee remained in the landowners subject to the prior rights incident to the easement.

**9. Eminent Domain § 5— determination of compensation — difference between fee and easement**

Whether there is any substantial difference in the easement condemned and a fee simple estate in the land depends upon the nature and extent of the easement acquired.

**10. Eminent Domain § 5— determination of compensation — easement — fee remaining in owner — instructions**

If the nature of the easement is such that the owner of the fee is not totally excluded from the property, it is prejudicial error for the court to instruct the jury not to consider the fact that only an easement is being taken and to fail to give instructions as to the respective rights of the parties and what use each is entitled to make of the property condemned.

**11. Eminent Domain § 14— sanitary sewer line easement — what law governs**

Where the respective rights of the parties were not defined by the petition seeking the condemnation of a sanitary sewer line easement, or by statute or by stipulation, the general law regarding easements prevailed.

**12. Easements § 8; Eminent Domain § 14— rights acquired in easement — rights of landowner**

An easement extends to all uses directly or incidentally conducive to the advancement of the purpose for which the land was acquired, and to no others; and the owner retains title to the land in fee and the right to make any use of it that does not interfere with the full and free exercise of the public easement.

APPEAL from *Thornburg, J.,* 17 March 1969 Session of IREDELL County Superior Court.

The petitioner instituted this proceeding pursuant to Chapter 40 of the General Statutes and certain provisions of its municipal charter for the purpose of obtaining a sanitary sewer line easement through two tracts of land owned by the respondents. The land lies along Old Mocksville Road in Statesville Township of Iredell County.

The easement sought was to extend for a distance of approximately 2800 feet over respondents' land and it is described in the petition as "a permanent sanitary sewer line easement, said easement being twenty (20) feet in width, ten (10) feet on each side of the center line and a construction or temporary easement twenty (20) feet on each side of the center line." The petition alleged that the permanent easement was for the purpose of constructing and maintaining a sanitary sewer system and the temporary easement was for construction purposes only.

All issues (except the issue of damages) were disposed of by stipulations and pretrial orders and petitioner proceeded in accordance with its statutory authority to construct and operate the sewer line before trial on that issue.

At the trial respondents introduced evidence that they had sustained damages of from $40,000.00 to $46,650.00 as a result of the taking of the easement. The petitioner's evidence was that the property had been benefited by from $6,000.00 to $10,000.00 on account of the location of the sewer line across it. The jury answered the single issue of damages in favor of respondents and in the amount of $19,000.00. Judgment was entered declaring that petitioner owned the easement described in the petition and ordering that the respondents recover as complete and final damages the sum fixed by the jury as compensation. Petitioner excepted and appealed.

*Sowers, Avery & Crosswhite by William E. Crosswhite for petitioner appellant.*

*McElwee & Hall by Jerome C. Herring for respondent appellee.*

GRAHAM, J.

The petitioner assigns as error the admission of various evidence over its objection.

[1, 2]   All of respondents' witnesses testified that in their opinion the highest and best use of 21 of the 90 acres respondents contend was affected by the easement was for commercial purposes. The

other 69 acres were best suited for residential purposes. The petitioner challenges their further testimony which described the accessibility of the 21 acre parcel and expressed the opinion that the location of the sewer line would prohibit grading to the depth needed in order to prepare the property for commercial building. We do not agree with the petitioner's contention that only an engineer is qualified to make such observations. All of the witnesses whose testimony is questioned were qualified as expert real estate appraisers and each of them stated his opinion as to the fair market value of the property immediately before and immediately after the taking of the easement. It was proper and in fact desirable that they give the reasons upon which they based their opinion. 31 Am. Jur. 2d, Expert and Opinion Evidence, § 36. *Service Co. v. Sales Co.*, 259 N.C. 400, 414, 131 S.E. 2d 9. Matters such as the accessibility of property, its slope and elevation, and costs that will be involved for necessary grading and filling are often important factors to be considered in arriving at an opinion as to its value. The petitioner's assignments of error directed at the admission of this testimony are overruled.

[3]    One of respondents' witnesses was permitted to testify over objection that in his opinion the highest use of a portion of the land in question would be for the extension of a shopping center located on an adjacent tract or for a new shopping center. The petitioner contends that this testimony was speculative because the shopping center referred to is not owned by respondents and no plans for its expansion were shown.

[4, 5]    Ordinarily, valuations cannot be considered as a basis for awarding damages under the theory that numerous types of land may be brought together, unless shown that there is a reasonable probability that they can be unified in a single owner and that such unification is feasible and practical. *Light Co. v. Moss*, 220 N.C. 200, 17 S.E. 2d 10; *R. R. v. Gahagan*, 161 N.C. 190, 76 S.E. 696. But the use of property in combination with other property may be considered if the possibility of combination is so reasonably sufficient and the use so reasonably probable as to affect the market value. *Light Co. v. Moss, supra; N. Y. City v. Sage*, 239 U.S. 57, 60 L. Ed. 143.

[3, 6]    It is common knowledge that in determining the value of a tract of land buyers and sellers give substantial weight to the fact it is bordered by successful business ventures. We do not find it unreasonable or speculative for the respondents' witnesses to have considered the proximity of the shopping center as an element of

value or to have expressed an opinion that respondents' property would be suitable for a similar use. In estimating the fair market value of property acquired by eminent domain, "all of the capabilities of the property, and all of the uses to which it may be applied, or for which it is adapted, which affect its value in the market are to be considered, and not merely the condition it is in at the time and the use to which it is then applied by the owner." Barnhill, J. (later C.J.) in *Light Co. v. Moss, supra,* at 205, 17 S.E. 2d 10, 13. See also *Gallimore v. Highway Commission,* 241 N.C. 350, 85 S.E. 2d 392. We hold that this testimony was competent and could be considered by the jury.

[7] The petitioner further contends that it was prejudiced by testimony elicited on the cross-examination of its consulting engineer concerning a proposed alternate location for the sewer line. Such evidence was irrelevant as the proper location of the sewer line was not a matter to be considered by the jury. *Charlotte v. Heath,* 226 N.C. 750, 40 S.E. 2d 600. However, the questions here were directed to a dashed line representing the proposed alternate location and appearing on a map that had been introduced by the petitioner. Having left the line on the map for the jury to see the petitioner cannot now complain that its witness was asked to explain to the jury what it represented. Moreover, the petitioner had questioned this witness at length on direct examination concerning his care in recommending the final location as the most advantageous, economical and efficient place for the sewer line. Under the circumstances the challenged testimony was harmless to the petitioner.

[8] The petitioner's final assignments of error relate to the judge's charge to the jury and must be sustained. The petitioner requested the court in writing that the jury be charged in part as follows:

> "When an easement is obtained under the power of eminent domain the acquiring governmental agent acquires only an easement in the land so taken and the fee to the property remains in the landowner who may subject the land to any use which is not inconsistent with its use for the purpose for which it is taken, but the easement confers upon the City of Statesville authority to occupy and use the entire easement for sanitary sewer purposes whenever it deems such action conducive to the interest of the public. In other words, when an easement is acquired in land the fee remains in the original owner burdened by the use for which the easement is acquired. . . . Hence, in awarding compensation to the owner of land for an easement acquired due consideration is to be given to the fact

that the fee remains in the owner subject to the prior rights incident to the easement."

The court refused the tendered instructions and gave the following instructions to which the petitioner excepted:

"Now, in arriving at the fair market value of the tract of land immediately after the taking, you will not consider the fact that the City of Statesville is taking only an easement in part of the land appropriated, rather than the fee simple title, for the remote and uncertain possibility that the City of Statesville may someday abandon the use of the appropriated right of way for sewer line purposes, and thus permit all the rights in it to revert to the owners in fee should not enter into your consideration."

This instruction correctly charges the duty of a jury in assessing damages where the value of the easement taken is for all practical purposes the value of the fee. Such a charge is applicable in cases involving highway and railroad rights-of-way and in other instances where the easement taken gives the condemning authority the complete and perpetual right to occupy and use the land to the total exclusion of the owner of the fee. *Power Co. v. Rogers*, 271 N.C. 318, 156 S.E. 2d 244; *Highway Commission v. Black*, 239 N.C. 198, 79 S.E. 2d 778; *R. R. v. Armfield*, 167 N.C. 464, 83 S.E. 809; *Light Co. v. Clark*, 243 N.C. 577, 91 S.E. 2d 569; *Gas Co. v. Hyder*, 241 N.C. 639, 86 S.E. 2d 458. The reason for such a rule is that in such cases the remaining bare fee has no practical value to the landowner and the possibility the easement may some day be abandoned is too remote and improbable a contingency to be considered by the jury. *Highway Commission v. Black, supra.*

[9, 10]    "Whether there is any substantial difference in the easement condemned and a fee simple estate in the land depends upon the nature and extent of the easement acquired." *Power Co. v. Rogers, supra,* at 321, 156 S.E. 2d 244, 247. If the nature of the easement is such that the owner of the fee is not totally excluded from the property, it is prejudicial error for the court to instruct the jury not to consider the fact that only an easement is being taken and to fail to give instructions as to the respective rights of the parties and what use each is entitled to make of the property condemned. *Power Co. v. Rogers, supra; Sanitary District v. Canoy,* 252 N.C. 749, 114 S.E. 2d 577; *Light Co. v. Clark, supra.* Here, the respondents are clearly not totally and perpetually excluded from the property which is subject to the temporary construction easement. *Davidson v. Stough,* 258 N.C. 23, 127 S.E. 2d 762. Nor, in our

opinion, are they totally excluded from the property encumbered with the permanent easement. See *Sanitary District v. Canoy, supra,* where the taking of a sewer line easement was likewise involved.

The respondents strongly contend that the decision in *Gas Co. v. Hyder, supra,* supports the charge given by the court here. There the gas company condemned an easement over respondent's land for a gas pipeline. The petition and stipulations between the parties gave the petitioner free, full, and unlimited right of ingress and egress over the property, not only when needed to carry out its purposes, but at any time. The effect was to grant to petitioner complete dominion over the property involved to the virtual exclusion of petitioner. In the instant case, the petitioner has not attempted to acquire such extensive rights, and in fact has not acquired such rights.

[11, 12]    The respondents further contend that since the petition here does not specify the nature and extent of the easement being taken, the court was under no duty to give instructions similar to those requested and was free to give the instructions to which exception is taken. Such is not the case. When the respective rights of the parties are not defined by the petition, statute, or stipulation the general law regarding easements prevails. It is well settled that an easement ". . . extends to all uses directly or incidentally conducive to the advancement of the purpose for which the land was acquired, *and to no others;* and the owner retains the title to the land in fee *and the right to make any use of it that does not interfere with the full and free exercise of the public easement.*" (Emphasis added). 26 Am. Jur. 2d Eminent Domain, § 133, p. 794. See also *Light Co. v. Clark, supra; Light Co. v. Carringer,* 220 N.C. 57, 16 S.E. 2d 453; 3 Strong, N.C. Index 2d, Easements, § 8.

[8]    Accordingly, we hold that the petitioner acquired only such rights as are incidental to constructing, maintaining and operating a sewer line across the strip of land in question. Necessarily included would be the right to go on the property whenever necessary to inspect, repair or replace the sewer line. The respondents retain the right to traverse it freely, to park on it, to landscape it, to grade over it and to use it for any lawful purpose at such time and for so long as such uses do not conflict with the rights of the petitioner. Indeed, the respondents' own witnesses recognized that some rights would be retained because they complained not that grading would be prohibited but that it would be limited by the depth of the sewer line.

The rights retained by the respondents in the property amount

to substantially more than the "bare fee" and it was therefore prejudicial error for the court to refuse the requested instructions and to charge the jury not to consider the fact that only an easement was taken by petitioner.

New trial.

CAMPBELL and PARKER, JJ., concur.