DUKE POWER COMPANY, PETITIONER v. GEORGE H. PARKER AND WIFE, HILDA W. PARKER; W. O. McGIBONY, TRUSTEE FOR THE FEDERAL LAND BANK OF COLUMBIA; FEDERAL LAND BANK OF COLUMBIA, RESPONDENTS

No. 7329SC94

(Filed 23 May 1973)

Eminent Domain § 5— condemnation of right-of-way for power lines — instructions as to damages

In this proceeding brought by a power company to condemn a right-of-way and easement for its transmission lines, the charge of the court, when read as a whole, did not instruct the jury to arrive at its determination of damages as though the fee title to the right-of-way was being condemned.

APPEAL by petitioner from *Wood, Judge,* 11 September 1972 Session of Superior Court held in HENDERSON County.

Duke Power Co. v. Parker

This is a condemnation proceeding instituted by Duke Power Company as petitioner to acquire a right-of-way and easement for transmission lines between its Pisgah Forest Substation and the Skyline Substation in Henderson County.

Commissioners were appointed by the Clerk of Superior Court in Henderson County, and they returned an award for damages in the amount of $12,000. Petitioner excepted to the commissioners' report. The clerk confirmed it, and petitioner demanded a trial by jury.

The date of the taking of the right-of-way was 26 October 1970, and petitioner acquired possession on 17 February 1971. The easement and right-of-way crossed a portion of an 88-acre tract of land owned by respondents in the Mills River Township, Henderson County, approximately 10 miles from the Hendersonville city limits. The principal right-of-way is 150 feet wide by 1105.8 feet centerline distance and consists of 3.81 acres. The easement includes tree cutting rights on each side of the extension lines of the right-of-way, and a 30 foot access right-of-way consisting of 1.29 acres.

The rights acquired by petitioner are subject to respondents' right to use the right-of-way property in any manner not inconsistent with the rights acquired by petitioner. The fee of the property remained in respondents.

The parties stipulated that the only issue to be answered by the jury was: "What amount are the respondents, land owners, entitled to recover of the petitioner, Duke Power Company, for the taking of the right of way across their lands?"

Petitioner presented evidence which tended to show the following: that the highest and best use of the property immediately prior to the taking was for residential homesites; that one realtor and appraiser testified that in his opinion the difference between the fair market value of the entire tract immediately before the taking of the right-of-way and immediately after the taking was $4,350; that another realtor and appraiser agreed that the best use of the property was for residential homesites, and stated that in his opinion the difference in value before/after the taking of the right-of-way was $4,800.

Respondents presented evidence which tended to show the following: that the best use of the property was for residential

homesites; that a landowner testified that in his opinion the difference in the fair market value before and after the taking of the right-of-way was $25,050; that a dairy farmer familiar with respondents' property stated that in his opinion the difference in value was $20,230; that two realtors testified as to their opinion of the difference in value—one stating the difference to be $24,350, another stating it to be $21,600.

A jury granted an award of $16,500 damages to respondents. Petitioner appealed.

*Crowell and Crowell, by Harold J. Pinales, and William I. Ward, Jr., for petitioner-appellant.*

*Prince, Youngblood & Massagee, by George Carson, II, for respondents-appellees.*

BROCK, Judge.

Petitioner assigns as error the instructions of the trial judge to the jury upon the measure of damages applicable to the condemnation of an easement for transmission lines. Defendant argues that the trial judge, in effect, instructed the jury to arrive at its determination of damages as though the fee title to the right-of-way was being condemned. Petitioner cites *Power Co. v. Rogers*, 271 N.C. 318, 156 S.E. 2d 244.

In our opinion the error in *Power Co. v. Rogers* is not present in the case before us. We agree with petitioner that the instructions given by the trial court would have been more satisfactory had they included the rule as stated in *Light Co. v. Carringer*, 220 N.C. 57, 16 S.E. 2d 453, as follows:

> "The measure of permanent damages for the appropriation of a right of way for the construction of an electrical overhead system is the difference between the fair market value of the tract as a whole before the right of way was taken and its impaired market value directly, materially and proximately resulting to the respondents' land by the placing of a power line across the premises in the manner and to the extent and in respect to the uses for which the easement was acquired."

Nevertheless, we find that the trial judge instructed as follows:

"Now, the Court instructs you that the yard stick or guide to be used in determining what the fair and ample compensation for the taking of the property of the respondents in this case constitutes the difference between the fair market value of the entire tract of land which was some 88 acres immediately before this property was taken and its fair market value of the property immediately after the right of way was taken."

Further in the charge the trial judge instructed:

"Members of the jury, in arriving at the fair market value of the tract of land immediately after the taking, you will consider the fact that the Power Company is taking only an easement in the land appropriated rather than a fee simple title."

We recognize petitioner's criticism of certain portions of the judge's charge and conceded technical defects. However, when we read the charge as a whole, as we must do, it is our opinion that the jury understood they should not award damages as though the fee title in the right-of-way was being condemned, but should award only those damages resulting from the imposition of the easement upon the property.

No error.

Judges PARKER and HEDRICK concur.